Argued and submitted February 29, affirmed December 19, 1984, reconsideration denied January 25, petition for review denied March 26, 1985 (299 Or 31)

## STATE OF OREGON,
*Respondent,*

*v.*

## KENT CHARLES NORMAN,
*Appellant.*

(C83-02-30581, C83-02-30582; CA A28752)

692 P2d 665

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Roy Pulvers, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

.

## BUTTLER, P. J.

Defendant was found not responsible by reason of mental disease or defect on two charges of forgery in the first degree. The trial court placed him under the jurisdiction of the Psychiatric Security Review Board (PSRB) for a period of 10 years, having concluded that a five-year sentence is the statutory maximum, ORS 165.013(2) and ORS 161.605(3), for each offense and that the sentences *could* be ordered to run consecutively. The court concluded that it had no discretion to commit defendant to the jurisdiction of PSRB for less than the maximum term it could have imposed if he had been convicted of the crimes, even though it might then have imposed concurrent sentences.[1] The sole issue we address[2] is whether the trial court had discretion under *former* ORS 161.327(1) to commit defendant to less than the sum of the maximum statutory sentences that could have been imposed if defendant had been convicted. We conclude that it did not have that discretion, and affirm.

In 1982, when the felonies were committed, *former* ORS 161.327(1)[3] provided, in pertinent part:

"* * * The period of jurisdiction of the board [PSRB] *shall*

---

[1] During the proceedings, defendant argued that, although a literal construction of ORS 161.327(1) would require that defendant be placed under the jurisdiction of the PSRB for 10 years, a *practical* construction of the statute would mandate a five-year commitment. The trial court responded:

"* * * The statute is clear, it states that the period of jurisdiction shall be equal to the maximum sentence the Court finds the person could have received had the person been found responsible. Well, we know that in a situation like this, sentence probably would have been concurrent if they'd been maximum sentences. They might well have been one-year sentences, not five. But, I'm not charged with determining what I probably would have imposed or what the Judges here probably would have imposed. I believe it's clearly the 10 years. That would be my ruling."

[2] Defendant's argument is that the trial court could have committed defendant to PSRB for less than the maximum sentence, forgetting the consecutive sentence aspect of the question. That would be true if the offenses with which defendant had been charged were non-violent misdemeanors. With respect to such offenses, *former* ORS 161.328(3) provided that any commitment to the Mental Health Division "shall be no longer than the maximum sentence the person the court finds the person could have received had the person been found responsible." That is not the case under *former* ORS 161.327(1), which applies here.

Defendant also contends for the first time on appeal that the trial court's interpretation would lead to the violation of his rights under Article I, section 20, of the Oregon Constitution. Because it was not raised below, we do not address the issue.

[3] The statute was amended by Or Laws 1983, ch 800, § 6.

*be equal to the maximum* sentence the court finds the person *could have received* had the person been found responsible." (Emphasis supplied.)

The statute is clear: the trial court has no discretion in setting the jurisdictional period of the PSRB over defendants found not responsible due to mental disease or defect. In *State v. Carrol,* 54 Or App 445, 635 P2d 17, *rev den* 292 Or 334 (1981), the question was whether the court could consider ORS 161.725 (sentencing of dangerous offenders) in determining the period of commitment of the defendant to the jurisdiction of PSRB. ORS 161.735 provides:

"Whenever, in the opinion of the court, there is reason to believe that the defendant falls within ORS 161.725, the court shall order a presentence investigation and psychiatric examination. * * *"

On receipt of those reports, the court was required to hold a hearing to determine whether the defendant was a dangerous offender within the meaning of ORS 161.725. If the court determined, after hearing, that the defendant was a dangerous offender, it was authorized to sentence the defendant to a maximum term of 30 years.

In *Carrol,* after the defendant was found not guilty by reason of mental disease or defect, the court found him to be a dangerous offender and committed him to the jurisdiction of PSRB for 30 years—the maximum sentence he could have received had he been found responsible. We affirmed, even though the court, at least theoretically, was not required to form an opinion whether the defendant was a dangerous offender, the predicate for a hearing. That case does not hold, as defendant contends, that a court has discretion to commit a defendant to less than the maximum that could have been imposed.

If there is a difference between this case and *Carrol,* it is that the enhanced maximum sentence in *Carrol* was authorized by statute, whereas the authority to impose consecutive sentences here is based on the inherent power of the trial court. *State v. Jones,* 250 Or 59, 440 P2d 371 (1968). In both cases, however, the authority exists and, although the trial court has discretion in sentencing a defendant convicted of multiple offenses to order sentences within the statutory maximums and to order the sentences to run concurrently or

consecutively, no such discretion exists under *former* ORS 161.327(1). The period of commitment to PSRB's jurisdiction must be equal to the maximum sentence the defendant could have received had defendant been found responsible. Here, defendant *could* have been sentenced to two five-year terms to run consecutively.

Affirmed.