Submitted on record and briefs March 9, affirmed May 27, petition for review denied November 24, 1998 (328 Or 41)

DONALD ALEC STRECKER,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

(79-285; CA A95332)

960 P2d 893

Harris S. Matarazzo filed the brief for petitioner.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Deits, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

**EDMONDS, J.**

Petitioner seeks review of a final order of the Psychiatric Security Review Board (PSRB) in which PSRB determined that its jurisdiction over petitioner extends for 40 years from the date of his original commitment order. We review for errors of law, ORS 161.385(8)(c); ORS 183.482(8), and affirm.

Petitioner was charged by indictment with committing the crimes of rape in the first degree and sodomy in the first degree arising out of the same criminal episode. Before trial, he and the state stipulated that he had committed the crimes as alleged and that he suffered from a mental disorder or defect. On June 1, 1977, a trial court found that he had committed the acts as charged and committed him to the custody of the Oregon State Hospital. Under the law as it existed on the date of petitioner's commitment, no statute governed the maximum length of commitment to the hospital, and such a commitment was deemed to be indeterminate.[1]

In 1977, after petitioner was committed to the state hospital, the legislature created the PSRB. Or Laws 1977, ch 380, § 8. The new law provided that the circuit court "shall * * * determine on the record what offense the person would have been convicted of had the person been found responsible," Or Laws 1977, ch 380, § 5, and that "[t]he period of jurisdiction of the [PSRB] shall be equal to the maximum sentence the [trial] court finds the person could have received had he been found responsible." Or Laws 1977, ch 380, § 11. The act provided that jurisdiction over persons, like petitioner, who had been committed to state hospitals before the creation of the PSRB, would be transferred from the circuit courts to the PSRB.[2]

---

[1] Before the creation of the PSRB, a judicial hearing process existed to determine whether a person who had been committed to a state hospital continued to suffer from a mental disease or defect that made the person a substantial danger to himself or others. *See* ORS 161.329 (1975).

[2] Oregon Laws 1977, chapter 380, section 22, provided:

"On the operative date of this Act, [January 1, 1978] the jurisdiction of all persons conditionally released or committed to a state mental hospital * * * shall be transferred to the PSRB. The circuit court previously having jurisdiction over the person shall, on the operative date of this Act, transfer its court file pertaining to the person to the board."

In 1980, the PSRB issued an order vacating petitioner's indeterminate term of commitment. It determined that its jurisdiction over petitioner extended for a term of 20 years, commencing on the date of his commitment to the state hospital. In 1985, the PSRB promulgated OAR 859-30-010(3), which provides:

> "The Board has jurisdiction over all persons who used the insanity defense successfully and were * * * committed to a state mental hospital by the court prior to January 1, 1978. The period of jurisdiction in these cases shall be equal to the maximum sentence the person could have received if found guilty and shall be measured from the date of judgment."

In 1996, the PSRB held a hearing to determine whether petitioner should be discharged from the PSRB's jurisdiction. Following that hearing, the PSRB issued an order in which it determined that its jurisdiction over petitioner was for 40 years, the maximum term of imprisonment that he could have received for the crimes of rape and sodomy at the time that he committed those acts. It relied on the provisions of OAR 859-30-010(3). On review, petitioner assigns error to that ruling. However, he does not contest the validity of OAR 859-30-010(3). Rather, he first argues that the PSRB "is not empowered, nor did the legislature intend for it, to make sentencing decisions."

■ We conclude that petitioner's argument is misdirected. Under OAR 859-30-010(3), the PSRB is not charged with making sentencing decisions. It is required to determine what "maximum sentence the person *could have received* if found guilty." That determination is not a sentencing decision that permits the exercise of discretion by the Board. *See State v. Norman,* 71 Or App 389, 392-93, 692 P2d 665, *rev den* 299 Or 31, *cert den* 47 US 1020 (1985) (holding that trial courts had no discretion in setting the jurisdictional period of the PSRB under ORS 161.327(1) (1981), which provided, in part: "The period of jurisdiction of the [PSRB] shall be equal to the maximum sentence the court finds the person *could have received,* had the person been found responsible." (Emphasis supplied.)). Rather, the determination is made by reference to the maximum sentence provided for by statute at the time of the commission of the offense. Petitioner is incorrect when he argues that the PSRB's decision extending his

term of commitment to 40 years was an unauthorized exercise of sentencing discretion.

■    The issue, then, is whether the PSRB correctly determined the maximum sentences that petitioner could have received under ORS 163.375 (1975) (rape in the first degree) and ORS 163.405 (1975) (sodomy in the first degree), had he been found guilty of those offenses. At that time, the crimes of rape in the first degree and sodomy in the first degree were both subject to 20-year maximum sentences. Nonetheless, petitioner argues that the PSRB's determination of a 40-year term reflects a ruling that petitioner could have been sentenced consecutively, a conclusion that he contends was never reached by the trial court. Specifically, he asserts that because both acts occurred during the same criminal episode, the trial court would have been required to find under the existing law that the acts were separated by a "time of reflection" before it could have imposed consecutive sentences. In the absence of such a finding by the trial court, he argues that the PSRB lacks authority to retain jurisdiction beyond a 20-year term and that it could impose only the equivalent of concurrent sentences.

We look to the law of sentencing as it existed at the time the judgment was entered in June 1977. In *State v. Jones*, 250 Or 59, 61, 440 P2d 371 (1968), the Supreme Court concluded, "It is an inherent power of the court to impose sentences, including the choice of concurrent or consecutive terms when the occasion demands it." In *State v. Garcia*, 288 Or 413, 423-33, 605 P2d 671 (1980), the Oregon Supreme Court considered whether cumulative sentences could be imposed for several acts of sodomy and rape.[3] As to the acts of sodomy, it concluded that separate punishment would be appropriate, if the defendant, after one act, had started anew after a time of reflection. *Id.* at 429. However, as to cumulative sentences for rape and sodomy, it reached a different conclusion. It concluded:

---

[3] The court in *Garcia* considered the effect of ORS 137.120(2) (1979), which provided that "[t]he court shall state on the record the reasons for the sentence imposed." 288 Or at 432-33. Because the statute was enacted on July 14, 1977, and after the judgment was entered in this case, it has no bearing on this case.

"The defendant could be described as having a criminal objective to violate sexually his victim; nevertheless, he did commit sexually offensive acts which the legislature has chosen to differentiate as rape and sodomy. * * *Although the offenses of rape and sodomy in this case share a unity of time, location, circumstance, and objective, the legislature has chosen to make rape and sodomy two distinct offenses requiring different elements of proof. A rape always requires proof of a penetration, however slight, *see* ORS 163.305(8), whereas a sodomy always requires proof of a deviate sexual contact, *see* ORS 163.305(1). We conclude, therefore, that the legislature intended that separate sentences were permissible for rape and sodomy offenses arising out of the same criminal episode." *Id.* at 429-30 (citation omitted).

Accordingly, we reject petitioner's contention that it was necessary under the law that existed at that time that the sentencing court find a "time of reflection" between the commission of the crimes before imposing consecutive sentences. Under the sentencing law as it existed when petitioner committed the charged crimes, he could have been sentenced to consecutive 20-year sentences for rape and sodomy. As a result, consecutive sentences were permissible at that time, and the PSRB's jurisdiction over petitioner extends for a maximum of 40 years. Its ruling in that regard was not error.

Petitioner's other arguments do not warrant discussion.

Affirmed.