Submitted on record and briefs August 3, 2001, reversed January 23, 2002

# GUNTHER GEORGE ROMANOV,
## aka Lewis Orville Engberg,
### *Petitioner,*

*v.*

# PSYCHIATRIC SECURITY REVIEW BOARD,
### *Respondent.*

## 84-656; A108916

38 P3d 965

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Daniel J. Casey, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Deits, Chief Judge,* and Kistler, Judge.

KISTLER, J.

---

* Deits, C. J., *vice* Warren, S. J.

**KISTLER, J.**

Petitioner seeks review of an order of the Psychiatric Security Review Board, in which the Board extended its jurisdiction over petitioner from 10 to 20 years. On review, petitioner argues that the Board lacked authority to extend its jurisdiction. We agree and reverse.

In December 1989, petitioner was indicted for committing arson in the first degree after he set fire to his mother's home. Petitioner negotiated a plea agreement with the state. The state agreed, in exchange for a guilty but insane plea, to recommend that petitioner be subject to the Board's jurisdiction for a period of 10 years. Pursuant to that agreement, in July 1990, the trial court found petitioner guilty except for insanity of arson in the first degree and ordered that he be placed under the Board's jurisdiction for 10 years.[1]

The Board committed petitioner to the Oregon State Hospital. On November 15, 1999, the Board sent petitioner a discharge order. The discharge order told petitioner that, according to the trial court's order, the Board's jurisdiction over him would expire one month later, on December 3, 1999.

Afterwards, the deputy district attorney who had represented the state at petitioner's 1990 trial wrote a letter to the Board. In the letter, he explained that, although the parties had agreed to a 10-year limit on the Board's jurisdiction, that agreement was inconsistent with ORS 161.327(1) (1989).[2] He said that he did not learn about the statute until after he had entered into the agreement and the court had ordered petitioner committed to the Board's jurisdiction. ORS 161.327(1) provides that the court:

---

[1] The court's order recited the following findings:

"That the defendant is affected by mental disease or defect [that] presents a substantial danger to others.

"That the defendant would have been otherwise convicted of the offense of ARSON IN THE FIRST DEGREE.

"That said defendant, had he been found guilty, not subject to exception for insanity, could have received a maximum sentence of Twenty Years[.]"

[2] All references to ORS 161.327 are to the 1989 version of that statute.

"shall order the person placed under the jurisdiction of the [Board] for care and treatment. The period of jurisdiction of the [B]oard shall be equal to the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity."

Because the maximum sentence for the charge of first-degree arson was 20 years,[3] the deputy district attorney believed that the court's order should be amended to reflect a 20-year jurisdictional period or, alternatively, that petitioner should be allowed to withdraw his plea and begin the process anew.

After receiving that letter, the Board held a hearing to determine whether it could extend its jurisdiction over petitioner for another 10 years. At the hearing, petitioner argued that only the trial court can determine the extent of the Board's jurisdiction and that, under ORS 161.327(1), the Board lacked authority to increase the 10-year jurisdictional period that the trial court had set. The state responded that ORS 161.327(1) requires the Board to keep petitioner under its jurisdiction for the maximum sentence for his crime, which was 20 years. According to the state, because of that statutory restriction, the court did not have the authority to order that petitioner be committed to the Board's jurisdiction for only 10 years and the Board was free to override that portion of the order. After hearing testimony from the deputy district attorney and petitioner, the Board concluded that it had a statutory obligation, under ORS 161.327(1), to disregard the court's order and keep petitioner under its jurisdiction for the maximum sentence that he would have received for his crime. It therefore extended petitioner's commitment for another 10 years. On appeal, both parties renew the arguments that they raised below.

■ The question whether the Board had the authority to extend its jurisdiction over petitioner turns on whether the legislature granted the Board that authority. As we explained in *Gaynor v. Board of Parole*, 165 Or App 609, 612, 996 P2d 1020 (2000), state administrative agencies, such as the Board, may exercise only those powers "conferred

---

[3] *See* ORS 161.605(1) (1989).

expressly by statute or by necessary implication." Because the Board argues that we should find the necessary authority in ORS 161.327(1), we begin with the text of that statute.

As noted, ORS 161.327(1) states that the trial court, upon finding a defendant guilty except for insanity, shall order the person placed under the jurisdiction of the Board. The period of jurisdiction of the Board, moreover, shall be equal to the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity. ORS 161.327(1). The Board does not dispute that ORS 161.327(1) gives the trial court responsibility for specifying, in its order, the extent of the Board's jurisdiction over petitioner. *See* ORS 161.325(1) (1989) (directing the trial court to enter an order as provided in ORS 161.327(1)). The Board argues instead that, because the trial court erred in setting the period of jurisdiction at less than the maximum sentence provided for by law, it may rewrite the court's order and set a different jurisdictional period.

■■ We do not read ORS 161.327(1) as authorizing the Board to determine that its jurisdiction is greater than that established in the trial court's order. Nothing in ORS 161.327(1) authorizes expressly the Board to extend the period that it exercises jurisdiction over a petitioner or to correct any errors that it perceives in the order. Similarly, we are not persuaded that the Board's actions were a "necessary implication" of ORS 161.327(1); the text of that statute does not imply that, if the court errs in setting the period of jurisdiction, the Board can step in and rewrite the court's order. Rather, ORS 161.327(1) leaves the task of defining the extent of the Board's jurisdiction to the trial court, and any error in its order is subject to correction on direct appeal.

The context leads to the same conclusion. Related statutes make clear that, once a trial court places a person in the Board's jurisdiction, the Board may commit that person to a state hospital, conditionally release him or her into the community, or discharge him or her if certain conditions are met. ORS 161.336 (1989); ORS 161.341 (1989); ORS 161.346 (1989). However, those statutes do not authorize expressly or necessarily the Board to expand the period of jurisdiction

established in the court's order or correct any error that the Board may perceive in the order.[4] *See Gaynor*, 165 Or App at 612 (reaching a comparable conclusion with respect to the Board of Parole).

The Board argues, however, that *Strecker v. PSRB*, 154 Or App 130, 960 P2d 893, *rev den* 328 Or 41 (1998), supports its claim that ORS 161.327(1) authorized the Board to extend its jurisdiction over petitioner. The Board reads *Strecker* too broadly. In *Strecker*, the trial court found that the petitioner had committed certain offenses but that he suffered from a mental disorder or defect. The court accordingly committed the petitioner to the custody of the state hospital. Under the law at that time, no statute governed the length of the commitment and "such a commitment was deemed to be indeterminate." *Id.* at 132.

In 1977, after the petitioner had been committed to the state hospital, the legislature enacted a statute that created the Board, directed the trial court to determine the offense that the person would have been convicted of had he or she been found responsible, and provided that the Board's jurisdiction over a person shall "be equal to the maximum sentence the [trial] court finds the person could have received had he been found responsible." Or Laws 1977, ch 380, §§ 5 and 11. Because the petitioner had been committed to the state hospital before 1977, none of those determinations had been made. The Board vacated the petitioner's indeterminate commitment and determined that its jurisdiction over the petitioner was limited to 20 years. *Strecker*, 154 Or App at 133. The petitioner did not challenge that determination. *Id.* The Board later extended the petitioner's commitment to 40 years after it determined that the petitioner could have received two consecutive 20-year sentences for his crimes. The petitioner appealed from that determination.

---

[4] ORS 161.336(8) (1989) and ORS 161.341(1) (1989) provide that the total period of commitment and conditional release may not exceed the maximum sentence provided by statute for the crimes for which the person was found guilty except for insanity. Neither provision authorizes the Board to expand the period that it exercises jurisdiction over a person beyond that set in the court's order under ORS 161.327(1).

On appeal, the petitioner did not argue that the Board lacked authority to specify the maximum sentence that he could have received. *Id.* Rather, he argued that the Board impermissibly exercised sentencing discretion when it determined that his sentences should run consecutively rather than concurrently. *Id.* We explained that the petitioner misperceived what the Board had done. The Board had determined only that the maximum sentence that the petitioner "could have received if found guilty" was 40 years. *Id.* (emphasis omitted). So understood, the Board's determination was not a "sentencing decision that permit[ted] the exercise of discretion by the Board." *Id.*

*Strecker* differs from this case in two respects. The petitioner in *Strecker* did not challenge the Board's authority to place a limit on his otherwise indeterminate commitment to the state hospital. He assumed that the Board had that authority, and his challenge on appeal was limited to the proposition that the Board had impermissibly exercised sentencing discretion. Moreover, because the court's order in *Strecker* resulted in an indeterminate commitment to the Board, the Board's actions in that case were not inconsistent with the trial court's order committing the petitioner to the state hospital.[5] *Strecker* did not require us to decide the issue that petitioner raises here, nor did we purport to do so.[6] Because the Board did not have authority to rewrite the trial court's order and hold petitioner in its jurisdiction for an additional 10 years, we reverse its order.

Reversed.

---

[5] Indeed, the statement in *Strecker* that the petitioner's "commitment was *deemed* to be indeterminate" suggests that the court's order committing the petitioner to the state hospital did not expressly specify that the term of commitment was indeterminate. *See Strecker*, 154 Or App at 132 (emphasis added).

[6] The state also relies on OAR 859-030-0010(2) to support the Board's extension of its jurisdiction over petitioner. That regulation provides, in part:

"The period of jurisdiction of the Board shall be equal to the maximum sentence the court finds the person could have received had the person been found guilty."

The terms of the rule do not suggest that it should be read as broadly as the state urges, and we hesitate to read the regulation in a way that would give the Board the authority that ORS 161.327(1) gives instead to the trial court.