Submitted September 4, judicial review dismissed December 16, 2009

RICHARD ITHIEL LAING,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
021804; A139149

222 P3d 748

Steven H. Gorham filed the brief for petitioner. Richard I. Laing filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner seeks judicial review of two orders of the Psychiatric Security Review Board (PSRB or board). The board contends that the orders do not present a justiciable controversy. We agree with the board and therefore dismiss judicial review.

In February 2002, petitioner was found guilty except for insanity of assault in the second degree. He was placed under the jurisdiction of the board for a period not to exceed 10 years and was committed to the Oregon State Hospital. In late 2005, petitioner left the hospital on a "library pass" and failed to return. He was indicted for escape in the first degree. In August 2007, he was arrested, and in November 2007, he was returned to the state hospital.

In an order dated May 7, 2008, the board noted that petitioner had agreed to plead guilty to the escape charge; to be sentenced to an incarceration term of the number of months that would result in his imprisonment until January 2011 and to a post-prison supervision (PPS) term of two years; and to stipulate to the board's continuing jurisdiction over him. The board further noted that, in return, petitioner sought to be conditionally released from the state hospital to the custody of the Department of Corrections (DOC) for service of his incarceration term, to be followed by release onto PPS; and that the state had recommended that, upon completion of petitioner's PPS term, petitioner also be discharged from the board's jurisdiction. The board noted that petitioner and the board disagreed about the proper expiration date of the board's jurisdiction over him: according to petitioner, the board's 10-year jurisdictional period will expire no later than May 2011, at the time he is released from prison to serve his PPS term, whereas, based on the approximately two years that petitioner was on unauthorized leave from the state hospital, the board calculates the expiration date as May 16, 2013, that is, around the expiration of petitioner's PPS term. The board concluded that petitioner was a proper subject for conditional release to DOC. However, because petitioner had not yet pleaded guilty to the charge of escape in the second degree, the board ordered only that his commitment to the state hospital be continued.

Petitioner pleaded guilty to the escape charge and was sentenced to 32 months' imprisonment and 24 months' PPS. In an order dated May 21, 2008, the board noted its receipt of the circuit court judgment setting out petitioner's guilty plea and the trial court's 32-month prison sentence. The board ordered that petitioner be conditionally released from the state hospital to DOC custody. The May 21 order did not establish the expiration date of petitioner's placement under PSRB jurisdiction or otherwise purport to resolve the dispute between the parties as to the proper date of such expiration.

On judicial review, petitioner argues that the board erred in extending its jurisdiction over him beyond the 10-year period imposed by the trial court on his conviction for the Class B felony of assault in the second degree. *See* ORS 161.336(8) (for purposes of PSRB's statutory authority relating to persons placed under its jurisdiction, the total period of commitment to the state hospital and on conditional release may not exceed the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity); ORS 161.605 (maximum indeterminate sentence for a Class B felony is 10 years). Petitioner concedes that, under a board rule, OAR 859-030-0010(2) (Jan 11, 1995), the board does not consider time spent on unauthorized leave to be part of the jurisdictional time period. Petitioner argues, however, that neither the legislature nor this court's interpretation of the board's authorizing statutes permits the board to thus "extend" the time imposed by the trial court. *See Romanov v. PSRB,* 179 Or App 127, 38 P3d 965 (2002) (although the trial court's order placing the petitioner under the jurisdiction of the board for 10 years was erroneous in light of the 20-year period required by statute for the petitioner's conviction for the Class A felony of first-degree arson, the board lacked authority to increase the jurisdictional period). Petitioner acknowledges in his *pro se* supplemental brief that *Romanov* did not involve an unauthorized absence from PSRB custody, but urges us to conclude that the board lacks authority to "extend" its jurisdiction over him in that context as well.

The board responds that, because neither of the challenged orders establishes a specific date on which the

board's jurisdiction will end, neither order presents the issue of the board's authority to account for petitioner's unauthorized absence—that is, the controversy between petitioner and the board is not ripe for adjudication. *See, e.g., Dreyer v. PGE*, 341 Or 262, 285, 142 P3d 1010 (2006) (issue raised regarding administrative agency's authority would not be ripe for decision by an appellate court until the agency acted in that regard). The board further argues that, because petitioner will be subject to PPS conditions until at least January 2013, his concurrent service of PSRB conditional release will have minimal, if any, practical effects, and that the controversy between the parties therefore is, in effect, moot. *See, e.g., Corey v. DLCD*, 344 Or 457, 464, 184 P3d 1109 (2008) ("If it becomes clear in the course of a judicial proceeding that resolving the merits of a claim will have no practical effect on the rights of the parties, this court will dismiss the claim as moot."). For both of those reasons, the board urges us to dismiss judicial review. On the merits, the board argues that its rule authorizing it to suspend the running of the jurisdictional time period during petitioner's unauthorized absence is analogous to statutes and rules governing the computation of other types of criminal sanctions, such as probation, and is consistent with the board's statutory responsibilities of treating committed persons and protecting the public.

Notwithstanding the board's notation in its May 7, 2008, order that the parties disagree as to the proper calculation of the date on which its jurisdiction over petitioner will expire, we agree with the board that neither that order, nor the board's May 21, 2008, order, establishes, as a matter of agency action, the specific date on which that expiration will occur. It follows that the issue raised in the petition for judicial review—the board's authority to determine such a date based in part on petitioner's unauthorized absence from the state hospital—is not ripe for our review. We therefore dismiss judicial review.

Judicial review dismissed.