On appellant's petition for reconsideration filed June 27, appeal dismissed May 23, reconsideration granted; appeal reinstated; reversed and remanded with instructions November 30, 1988

## AUSTIN MUTUAL INSURANCE CO.,
*Appellant,*

*v.*

## MADRIL et al,
*Respondents.*

### (87C-11545; CA A47691)
764 P2d 1378

J. P. Harris, II, Salem, for petition.

Before Warren, Presiding Judge, and Warden and Deits, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff has petitioned the Supreme Court for review of our order dated May 23, 1988, in which we dismissed Austin's appeal for lack of jurisdiction. Pursuant to ORAP 10.10(1), a petition for review functions as a petition for reconsideration by this court. We allow reconsideration and reinstate the appeal.

Defendants sustained injuries in a one vehicle automobile accident, which they claim resulted from eggs being thrown on their windshield by unidentified individuals in another car. They requested uninsured motorist benefits from Austin under defendant Madril's policy. Austin determined that no benefits were available. It then filed a declaratory judgment action in circuit court to obtain a declaration that the claims of defendants were not covered by the policy.

Defendants filed a motion to dismiss the action on the ground that, under the policy, the parties were required to arbitrate the dispute. They also requested that the court order Austin to arbitrate. On October 14, 1987, the court entered an order of dismissal and required the parties to arbitrate. Austin appealed.

We dismissed the first appeal on our own motion because an order dismissing an action and compelling arbitration is not appealable. *City of Portland v. Carriage Inn,* 296 Or 191, 194, 673 P2d 531 (1983); *Peter Kiewit & Sons Company v. Port of Portland,* 291 Or 49, 63, 628 P2d 720 (1981). Austin then went back to the trial court, obtained a *judgment* dismissing the action and submitting the matter to arbitration, and filed a new appeal.

We allowed defendants' motion to dismiss the second appeal as well, for lack of jurisdiction. On reconsideration of that order, we now conclude that the judgment dismissing the action is appealable and that we have jurisdiction under ORS 19.010.

However, that does not end the matter. ORS 33.240[1]

---

[1] ORS 33.240 provides:

"If any action, suit or proceeding is brought upon any issue arising out of any agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit

requires that an action be abated rather than dismissed pending arbitration. Therefore, the trial court erred in dismissing the action and, but for that error, there would not have been an appealable judgment in this case. *See Jackson v. Penny Duquette Knits, supra* n 1, 276 Or at 468. We reverse and remand the case to the trial court with instructions to vacate the judgment of dismissal and to enter an order abating the declaratory judgment action pending arbitration.

Reconsideration granted; appeal reinstated; reversed and remanded with instructions to vacate the judgment of dismissal and to enter an order abating the declaratory judgment action pending arbitration.

---

court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

"Abate" in the above statute has been interpreted to mean "stay" and not dismiss or terminate the action. Such abatement orders are not appealable. *Jackson v. Penny Duquette Knits,* 276 Or 465, 468-69, 555 P2d 201 (1976).