On respondent's motion for summary determination of appealability and for dismissal filed January 26, 1990, motion to determine appealability allowed; motion to dismiss denied; judgment vacated; remanded with instructions to enter order abating action pending arbitration February 13, 1991

Tracey DURKEE,
*Appellant,*

*v.*

STATE FARM AUTOMOBILE
INSURANCE COMPANY,
*Respondent.*

(A8904-02092; CA A62939)

805 P2d 699

Paul L. Roess and Acker, Underwood, Norwood & Hiefield, Portland, for the motion.

Scott M. Supperstein and Doblie & Associates, Portland, *contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Plaintiff sued to recover uninsured motorist benefits under a policy issued by defendant. The trial judge allowed defendant's motion to compel arbitration and entered a judgment dismissing the action. Plaintiff appeals from the judgment of dismissal. Defendant has moved for summary determination of appealability and to dismiss the appeal. We determine that we have jurisdiction and deny the motion to dismiss.

 This court has jurisdiction, because a notice of appeal was timely filed from a judgment dismissing the action. ORS 19.010; *Austin Mutual Ins. Co. v. Madril,* 94 Or App 219, 221, 764 P2d 1378 (1988). However, it was error for the trial court to enter a judgment of dismissal. ORS 36.315[1] requires that an action be abated rather than dismissed while arbitration proceeds, in order to prevent entry of an appealable judgment before completion of arbitration. 94 Or App at 222.

Motion to determine appealability allowed; motion to dismiss denied; judgment vacated; remanded with instructions to enter an order abating the action pending arbitration.

---

[1] ORS 36.315 provides:

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall *abate the action, suit or proceeding* so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions." (Emphasis supplied.)