Argued and submitted February 1, 1999, reversed and remanded
February 23, 2000

STEPHEN PHILLIP GAYNOR,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A100071)

996 P2d 1020

Toni DeFriez Skinner argued the cause and filed the brief for petitioner.

Kelly Knivila, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Petitioner seeks review of a Board of Parole and Post-Prison Supervision (Board) order that, among other things, extended petitioner's post-prison supervision term from 36 months to lifetime supervision. We hold that the Board does not have the statutory authority to extend a post-prison supervision term beyond the term imposed by the trial court. We therefore reverse the Board's decision that increased petitioner's post-prison supervision term to lifetime supervision and reinstate the trial court's judgment of 36 months of post-prison supervision.

Petitioner was convicted of murder, ORS 163.115 (1989). The trial court sentenced petitioner to a 15-year sentence with a 36-month post-prison supervision term. On direct appeal, petitioner appealed his sentence and the state cross-appealed, arguing that petitioner should have received a lifetime term of post-prison supervision. *State v. Gaynor*, 130 Or App 99, 880 P2d 947 (1994), *rev den* 320 Or 508 (1995). We affirmed both the appeal and the cross-appeal. Addressing the cross-appeal, we declined to exercise our discretion to review that error because the record indicated that the state had repeatedly informed the trial court that the guidelines called for 36 months of post-prison supervision, thereby inviting the error. *Id.* at 107.

Petitioner then requested that the Board review his sentence and grant him earned-time credit. In its order, the Board took two actions. First, it found that the 15-year minimum sentence was appropriate and necessary for the protection of the community and therefore declined to apply earned-time credit to the sentence. Second, the Board, *sua sponte*, extended petitioner's term of post-prison supervision to life. Petitioner sought administrative review and the Board's actions were upheld.

Petitioner then sought judicial review. Petitioner initially assigned as error both of the Board's actions. The Board withdrew its order and determined on reconsideration that petitioner is entitled to earned-time credit, with a release date to be determined by Department of Corrections (DOC).

The only issue that remains is whether the Board properly extended petitioner's term of post-prison supervision. Petitioner argues that the sentencing court ordered petitioner to serve 36 months of post-prison supervision, and that the Board does not have the authority to impose a longer term of post-prison supervision. The Board responds that it has a statutory duty, pursuant to ORS 137.669,[1] to follow the rules adopted by the Oregon Criminal Justice Commission and that OAR 253-05-004(1) (1989)[2] required that a person sentenced for murder under ORS 163.115 (1989) be given an initial term of post-prison supervision for life. The Board further argues that the sentencing court's failure to assign the appropriate term of post-prison supervision in its judgment did not relieve the Board of its statutory duty to assign petitioner the proper initial post-prison supervision term. We review the Board's order for substantial evidence, errors of law, and abuse of discretion. ORS 144.335(5); ORS 183.482(8); *Kessler v. Board of Parole*, 145 Or App 584, 588, 931 P2d 801 (1997), *rev dismissed* 329 Or 61 (1999).

It is a fundamental principle of administrative law that an administrative body possesses only those powers that the legislature grants, and that it cannot exercise authority that it does not possess. *SAIF v. Shipley*, 326 Or 557, 561, 955 P2d 244 (1998). That principle extends to administrative bodies, such as the Board, that perform judicial functions. They do not possess the general jurisdictional powers of a court. Instead, their powers are restricted to those conferred expressly by statute or by necessary implication. *Campbell v. Bd. of Medical Exam.*, 16 Or App 381, 391-92, 518 P2d 1042, *rev den* (1974). The question before us thus is whether the legislature, either expressly or by necessary implication,

---

[1] ORS 137.669 states, in part:

"The guidelines * * * shall control the sentences for all crimes committed after the effective date of such guidelines. Except as provided * * * the incarcerative guidelines and any other guidelines so designated by the Oregon Criminal Justice Commission shall be mandatory and constitute presumptive sentences."

[2] OAR 253-05-004(1) (1989) stated, in relevant part:

"The term of post-prison supervision for an offender serving a life sentence pursuant to * * * ORS 163.115 shall be for the remainder of the offender's life, unless the Board finds a shorter term appropriate. In no case shall the term of supervision be less than three years."

granted the Board the power to extend a term of post-prison supervision beyond that imposed by the trial court.

The legislature has not expressly granted the Board the power to increase a convicted felon's term of post-prison supervision. At oral argument, the state conceded that point and explained that there was no such authorizing statute or regulation. We accept the state's concession. The remaining question then is whether that power is authorized by necessary implication. To answer that question, we examine the statutes and regulations that govern the Board's post-prison supervision powers and sentencing in general.

The Board of Parole and Post-Prison Supervision, created by ORS 144.005(1), is expressly authorized to grant parole, ORS 144.050, and to determine violations of parole or of post-prison supervision in specific cases. ORS 144.040. In order to perform its post-prison supervision functions, ORS chapter 144 authorizes the Board to take various actions such as: review prisoner release plans prepared by DOC, ORS 144.098; specify, in writing, the conditions of post-prison supervision, ORS 144.102; maintain jurisdiction over imposing post-prison supervision conditions and sanctioning for violations of post-prison supervision conditions, ORS 144.101; and, in conjunction with DOC, adopt rules and procedures for imposing those sanctions. ORS 144.107. The only provision that authorizes the Board to *extend* post-prison supervision is ORS 144.085(4).[3] That statute allows the Board to extend a prisoner's term of active post-prison supervision or to return an offender to active post-prison supervision status based on a specific finding. However, ORS 144.085(4) expressly limits the Board's authority, stating it may not extend supervision beyond the term imposed by the sentencing court. Furthermore, ORS 144.085 does not authorize the Board to extend a convicted person's term of

---

[3] ORS 144.085(4) states:

"After reviewing the [supervisory authority's] report * * * the board may extend the active supervision period or return the offender to active supervision status, not to exceed the supervision term imposed by the sentencing court under the rules of the Oregon Criminal Justice Commission and applicable laws, if it finds the offender has not substantially fulfilled the supervision conditions or has failed to complete payment of restitution."

post-prison supervision while the person is still incarcerated before the initial release on post-prison supervision.

The Board's powers concerning post-prison supervision of persons convicted of murder are further defined by administrative rule. OAR 253-05-004(1) (1989) authorized the Board to shorten a lifetime post-prison supervision term given to a person convicted of murder.[4] The extent of that authority was limited, because the Board may not shorten the term of supervision to less than three years. The Board argues that OAR 253-05-004(1) (1989) implicitly mandated an initial lifetime post-prison supervision term for persons convicted of murder pursuant to ORS 163.115. Further, the Board posits that its action was consistent with the express requirements of that rule when it lengthened petitioner's post-prison supervision term. However, the Board misconstrues its statutory duty to conduct its actions consistent with the law when it reasons that the statute also granted it the authority to extend a post-prison supervision term. The Board's authority under OAR 253-05-004(1) (1989) was solely to shorten a post-prison supervision term, not to lengthen it.[5] There was nothing implied in that rule, or in any of the statutes mentioned above, that necessarily granted the Board the power to expand a term of post-prison supervision as it did in this instance. Thus, whether or not the law required the sentencing court to impose a lifetime post-prison supervision term, the Board did not possess the authority to lengthen petitioner's term of post-prison supervision beyond that ordered by the court.

Our conclusion is supported by the statutes governing sentencing. ORS137.010(1) imposes a duty on the *court* having jurisdiction to pass sentence to do so in accordance

---

[1] Administrative rules adopted by the Oregon Criminal Justice Commission are submitted to the legislative assembly for approval pursuant to ORS 137.667 and therefore may, unlike most agency rules, confer authority upon an administrative body.

[5] An administrative body may limit its own powers via regulation. *See City of Klamath Falls v. Environ. Quality Comm.*, 318 Or 532, 545, 870 P2d 825 (1994) (statutory authority may be circumscribed by agency's own regulations).

with rules promulgated by the Oregon Criminal Justice Commission unless otherwise specifically provided by law. Subsection (10) requires that for appropriate sentences, the sentence shall state the length of incarceration and the length of post-prison supervision. Thus, the statute authorizes only the sentencing court, not the Board, to impose the term of post-prison supervision. In this instance, the sentencing court did impose a post-prison supervision term. ORS 137.071 provides that the *trial court* judge shall assure that the proper requirements for judgment are met. In these sections, and all other relevant sections of ORS chapter 137, it is the trial court that is explicitly or implicitly authorized to impose or modify a sentence.

Pursuant to ORS chapter 138, appeals of sentences are also to occur within the courts. ORS 138.083 authorizes the sentencing court, irrespective of any notice of appeal, to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. In this instance, the record indicates that, in 1998, the trial court denied the state's motion to correct the judgment by imposing a corrected term of post-prison supervision. If a sentencing error remains uncorrected by the trial court, then the proper avenue of appeal is to the Court of Appeals. ORS 138.040. Defendant's post-prison supervision term is a part of his sentence. As we previously stated, the state appealed petitioner's post-prison supervision term, and we declined to exercise discretion to review the invited error. Nowhere in ORS chapter 138 is it implied that the Board has the authority to correct an improper sentence. If there is an error in petitioner's 36-month post-prison supervision term, then only the sentencing court and appellate courts have the authority to correct it. The Board's extension of petitioner's post-prison supervision term was an error of law. We therefore reverse the Board's order that extended petitioner's post-prison supervision term from 36 months to lifetime and reinstate the trial court's judgment of 36 months of post-prison supervision.

Reversed and remanded.