On appellant's petition for reconsideration filed April 3, 2003, and respondent's motion to dismiss appeal filed May 28, 2002, petition for reconsideration allowed; order dismissing defendant's appeal adhered to July 16, 2003

STATE OF OREGON,
*Respondent,*

*v.*

JEWELL LEE HART,
aka Daniel Clegg,
aka Jeellel Lee Hart,
*Appellant.*

9305-33275; A117826

72 P3d 671

Jewell Lee Hart, *pro se*, for petition.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, *contra.*

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

KISTLER, J.

### KISTLER, J.

Defendant petitions for reconsideration of an order dismissing his appeal for lack of jurisdiction. We allow defendant's petition and adhere to our initial disposition of his appeal.

Defendant was convicted in 1994 of attempted aggravated murder and first-degree robbery. We affirmed the trial court's judgment in 1996. *State v. Hart*, 138 Or App 189, 906 P2d 870, *rev den*, 323 Or 114 (1996). Five years later, on November 14, 2001, defendant filed a motion to correct the judgment in the trial court. *See* ORS 138.083(1).[1] He argued that his robbery conviction should merge into his conviction for attempted aggravated murder. The trial court denied defendant's motion, reasoning that he should have raised that argument during his first appeal.

Defendant appealed from the trial court's order denying his motion to correct the judgment. We dismissed that appeal because the trial court's order was not appealable under ORS 138.053(1). Defendant has petitioned for reconsideration of our order dismissing his appeal. In his petition, he renews his claim that the trial court's order is appealable under ORS 138.053. He argues alternatively that the trial court's order arises out of a special statutory proceeding within the meaning of ORS 19.205(4). Finally, he contends that we recognized in *Gaynor v. Board of Parole*, 165 Or App 609, 996 P2d 1020 (2000), that a party can appeal from an order denying a motion to correct a sentence under ORS 138.083. We address each of defendant's arguments in turn.[2]

---

[1] ORS 138.083(1) provides:

"The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties. If a sentencing court enters an amended judgment under this section, the court shall immediately forward a copy of the amended judgment to the appellate court. Any modification of the appeal necessitated by the amended judgment shall be made in the manner specified by rules adopted by the appellate court."

[2] We have considered the remaining arguments that defendant raises on reconsideration and reject them without discussion.

■　ORS 138.053(1) defines the orders that may be appealed in a criminal case. Under that subsection, only post-judgment orders that impose a sentence, suspend imposition or execution of a sentence, or affect probation can be appealed.[3] The trial court's order did not come within any of those categories. It did not alter defendant's sentence; it instead left it untouched. We accordingly reaffirm our initial conclusion that the order is not appealable under ORS 138.053(1).[4]

■　Defendant argues alternatively that the trial court's order is appealable under ORS 19.205(4) because it arises out of a special statutory proceeding. ORS 19.205(4) provides that

> "[a]n appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

Although the legislature has not defined the phrase "special statutory proceeding," the courts have had frequent occasion to consider its meaning. Two cases are helpful in determining whether a motion to correct a sentence is a special statutory proceeding within the meaning of ORS 19.205(4).

In *State v. Threet*, 294 Or 1, 5, 653 P2d 960 (1982), the court reviewed its cases interpreting the predecessor to

---

[3] More specifically, ORS 138.053(1) provides:

"A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a) Imposition of a sentence on conviction.

"(b) Suspension of imposition or execution of any part of a sentence.

"(c) Extension of a period of probation.

"(d) Imposition or modification of a condition of probation or of sentence suspension.

"(e) Imposition or execution of a sentence upon revocation of probation or sentence suspension."

[4] We hold only that the trial court's order denying defendant's motion to correct his sentence is not an appealable order under ORS 138.053. We express no opinion on the question whether an order granting defendant's motion to merge his convictions would have been appealable under that subsection.

ORS 19.205(4) and concluded that "separateness is a necessary attribute of a 'special statutory proceeding.'" As the court explained, a special statutory proceeding is "'summary and complete within itself.'" *Id.* (quoting *Smith Securities Co. v. Multnomah County*, 98 Or 418, 422, 192 P 654 (1920)). Applying that standard, the court held that an order compelling a witness to testify in a grand jury proceeding did not arise out of a special statutory proceeding. *Id.* at 7. The court reasoned that the procedures for compelling a witness to testify are part of the criminal proceeding and that permitting an appeal from an order compelling a witness's testimony would disrupt the grand jury proceedings. *Id.* at 6-7.

The court returned to the issue in *State v. Branstetter*, 332 Or 389, 29 P3d 1121 (2001). In *Branstetter*, the court reaffirmed its holding in *Threet* that a special statutory proceeding must be separate, but it explained that the concept was functional rather than formal. *Id.* at 397-98. It followed, the court reasoned, that the fact that a forfeiture proceeding under ORS 167.437 shared the same case name and number as the underlying criminal action did not mean that it was not a separate statutory proceeding within the meaning of ORS 19.205(4). *Id.* The relevant consideration, according to the court, is the relationship between the two proceedings. More specifically, the court explained that, although a forfeiture proceeding under ORS 167.347 cannot go forward in the absence of a criminal action, "that kind of forfeiture proceeding does not arise out of the criminal action, resolve any controversy in the criminal action, or otherwise affect or depend on the substance of the criminal action." *Id.* at 398-99. Those criteria distinguished the forfeiture proceeding in *Branstetter* from the motion to compel in *Threet*.

Applying those criteria to the motion at issue here, we hold that a motion to correct a judgment under ORS 138.083(1), like the motion to compel testimony in *Threet*, is not a special statutory proceeding. A motion to correct a judgment arises directly out of the criminal action; it is, as the legislature stated in ORS 138.083(1), directed to the "sentencing court." Consistently with that direction, the motion seeks to resolve a controversy in the criminal action—whether the judgment in the criminal action is erroneous. Finally, the

motion seeks to affect the substance of the underlying criminal action. If allowed, the motion would result in a modification of the terms of a defendant's sentence. Far from being separate from the underlying criminal proceeding, a motion under ORS 138.083(1) is intimately bound up with that proceeding.

A motion under ORS 138.083 does differ in one respect from the motion at issue in *Threet*. As noted, the court explained in *Threet* that allowing appeals from an order compelling a witness's testimony would disrupt ongoing grand jury proceedings. 294 Or at 7. By contrast, a motion to correct a sentence under ORS 138.083 arises after the underlying criminal action has ended and poses no danger of disrupting that action. In that respect, however, a motion to correct a judgment pursuant to ORS 138.083 is no different from a motion in the nature of *coram nobis*, which the court held in *State v. Endsley*, 214 Or 537, 541-42, 331 P2d 338 (1958), is not a special statutory proceeding.[5] Both motions arise after judgment and seek to correct a perceived error in the earlier criminal judgment. *See id.* Neither is a new or separate proceeding. *See id.* Rather, each is a part of the original criminal action and, like a motion for new trial, asks the court to correct an error in the criminal action. *See id.* The court held in *Endsley* that a motion in the nature of *coram nobis* was not a separate statutory proceeding, and we see no principled basis for reaching a different conclusion regarding defendant's motion to correct his sentence under ORS 138.083(1).

Defendant advances a final argument. He contends that we recognized in *Gaynor* that a party can appeal from an order denying a motion to correct a sentence under ORS 138.083. As defendant notes, we stated in *Gaynor* that "[i]f a sentencing error remains uncorrected by the trial court [after a motion under ORS 138.083], then the proper avenue of appeal is to the Court of Appeals. ORS 138.040." *Gaynor*, 165 Or App at 615. The statement on which petitioner relies was, however, *dictum* and has no binding force. *See Neff v. Jackson County*, 187 Or App 402, 409, 67 P3d 977 (2003)

---

[5] In *Threet*, the court reaffirmed its holding in *Endsley* and relied on it to identify the attributes of a special statutory proceeding. *See Threet*, 294 Or at 6.

(reconsidering *dictum* regarding the way that a year is measured for the purposes of statutes of limitations).

The question in *Gaynor* was "whether the legislature, either expressly or by necessary implication, granted the Board [of Parole] the power to extend a period of post-prison supervision beyond that imposed by the trial court." *Gaynor*, 165 Or App at 612-13. After holding that it had not, we observed that, if the board or the state believed that a court had imposed too short a period of post-prison supervision, the proper place to pursue that issue was in the courts— either on direct appeal or by means of a motion to correct the judgment. *Id.* at 614-15. In the course of that discussion, we made the statement on which defendant now relies. The question, however, of whether ORS 138.040 or ORS 138.053 permits an appeal from an order denying a motion to correct was not presented in *Gaynor*, nor did we have occasion to analyze the terms of those statutes. Having now done so, we reaffirm the conclusion in our order dismissing defendant's appeal that those statutes do not authorize an appeal from an order denying a motion to correct under ORS 138.083 and disavow the contrary *dictum* in *Gaynor*.

Petition for reconsideration allowed; order dismissing defendant's appeal adhered to.