On appellant's response to order on court's own motion to show cause, filed November 4, respondent's reply to appellant's response to order to show cause filed November 16, and appellant's sur-reply to respondent's reply filed November 19, 2009, summary determination of appealability pursuant to ORS 19.235(3); motion to expedite appeal denied; appeal dismissed January 20, petition for review allowed April 8, 2010 (348 Or 218)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AISHISH MONIQUE PORTIS,
aka Aishish M. Portis,
*Defendant-Appellant.*

Multnomah County Circuit Court
080230706; A143558

225 P3d 841

Peter Gartlan, Chief Defender, and Rebecca Duncan, Assistant Chief Defender, Office of Public Defense Services, filed the response for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the response for respondent.

Before Wollheim, Presiding Judge, Brewer, Chief Judge, and Schuman, Judge.

WOLLHEIM, P. J.

**WOLLHEIM, P. J.**

In May 2008, a judgment of conviction was entered following defendant's pleas of guilty to five counts of identity theft. ORS 165.800. On three of those counts, defendant was sentenced to consecutive terms of 13 months each, for a total of 39 months of incarceration. At the time that defendant committed her crimes, ORS 421.121(2) (2007) provided that the maximum amount of time credits for appropriate institutional behavior (good time credits) could not exceed 20 percent of the total term of incarceration. The 2009 legislature amended ORS 421.121 to increase the maximum amount of good time credits to 30 percent for inmates not convicted of listed violent felonies. Or Laws 2009, ch 660, §§ 17, 18 (House Bill (HB) 3508). Defendant's crimes were not excluded from eligibility for an increase in good time credits to 30 percent.

A hearing was held before the trial court to determine if defendant was eligible for the increased good time credits. The trial court determined that defendant was not eligible for additional good time credits. A supplemental judgment provided that defendant "may not be considered" for the increased good time credits. Defendant filed a notice of appeal from the supplemental judgment and moved for an expedited appeal. The Appellate Commissioner issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction, relying on *State v. Hart,* 188 Or App 650, 653, 72 P3d 671 (2003) (only post-judgment orders that impose a sentence, suspend imposition or execution of a sentence, or affect probation can be appealed under ORS 138.053(1)). Pursuant to ORS 19.235(3) and after considering the responses filed by the parties, we summarily determine that this court lacks jurisdiction over the appeal.[1]

---

[1] ORAP 2.35(3)(a) provides:

"If the court makes a summary determination of appealability, the order or opinion expressing the court's determination shall expressly state that the determination is a summary determination under ORS 19.235(3). The order or opinion also shall contain a notice informing the parties that the order or opinion is a summary determination of appealability under ORS 19.235(3), that the determination is subject to review or reconsideration by the Supreme Court, that the petition for review shall be filed within 14 days after the order or opinion or such shorter time as may be ordered by either court and that the Supreme Court will expedite its consideration of the petition."

Our decision dismissing the appeal renders defendant's motion to expedite the appeal moot.

■     HB 3508, section 17(2)(a),[2] amended ORS 421.121 to increase the maximum amount of good time credits an inmate convicted of certain nonviolent crimes could earn from 20 percent to 30 percent of the total term of incarceration. HB 3508, section 18, provides the process by which a trial court determines whether an inmate is eligible for the 30 percent maximum reduction in the term of incarceration. If the trial court finds that the inmate is eligible for such consideration by the Department of Corrections, the trial court shall enter a supplemental judgment so stating.

Defendant argues that the supplemental judgment determining that she is not eligible for the additional good time credits is appealable because HB 3508, sections 17 and 18, require the trial court to make new factual findings and legal conclusions, which results in the imposition of a new sentence appealable under ORS 138.053(1)(a).[3] Thus, in contrast to the order in *Hart,* which merely denied the defendant's motion to correct a previously imposed sentence, defendant argues that HB 3508, sections 17 and 18, create a process for "resentencing" certain categories of inmates depending on whether they are found eligible or ineligible for the term reduction.[4]

---

[2] Or Laws 2009, ch 660, § 17(2)(a), provides:

"The maximum amount of time credits earned for appropriate institutional behavior or for participation in the adult basic skills development program described in ORS 421.084 may not exceed [20] **30** percent of the total term of incarceration in a Department of Corrections institution."

(Brackets, emphasis, and boldface in original.)

[3] ORS 138.053(1) provides:

"A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a) Imposition of a sentence on conviction.

"(b) Suspension of imposition or execution of any part of a sentence.

"(c) Extension of a period of probation.

"(d) Imposition or modification of a condition of probation or of sentence suspension.

"(e) Imposition or execution of a sentence upon revocation of probation or sentence suspension."

[4] Defendant relies on the statements of the two legislators who introduced HB 3508, Representative Shields in the House, and Senator Verger in the Senate, both of whom explained that the bill provides for a "process of *resentencing* for certain

The state responds that the supplemental judgment does not fall within the appealable actions identified in ORS 138.053(1) because the supplemental judgment neither imposes nor suspends imposition or execution of a sentence and does not affect probation. The state also argues that no "resentencing" occurred because nothing changed in defendant's sentence. Finally, the state argues that, notwithstanding the legislative history relied on by defendant, the term "resentencing" does not appear in HB 3508.

■ We agree with the state. There is no right of appeal when the trial court *denies* eligibility for additional good time credits to an inmate, because the ruling does not alter the original judgment. Moreover, HB 3508, section 18, provides for entry of a supplemental judgment *only* when the trial court determines that it is appropriate to *allow* the Department of Corrections to consider the inmate for a sentence reduction. There are two subsections in section 18 that permit the trial court to enter a supplemental judgment authorizing the department to consider an inmate for reduction. The first, subsection 18(5)(b), provides the procedure when neither the district attorney nor the victim files objections:

> "If a notice of objection is not filed with the court within the time period described in subsection (4) of this section and the sentencing court determines that it is appropriate to authorize the department to consider the inmate for a reduction in the term of incarceration under ORS 421.121 that may not exceed 30 percent of the total term of incarceration in a department institution, the court shall enter a supplemental judgment using the form of judgment submitted by the department under subsection (14)(a) of this section."

The second, subsection 18(7)(b), provides the procedure when an objection has been filed by either the district

non-violent offenders * * *." Audio Recording, House Floor Debate, HB 3508, June 26, 2009, http://www.leg.state.or.us/listn/listenset.htm at 25:12 (statement of Rep Chip Shields) (emphasis added) (accessed Jan 13, 2010); Audio Recording, Senate Floor Debate, HB 3508, June 27, 2009, http://www.leg.state.or.us/listn/listenset.htm at 1:22:09 (statement of Sen Joanne Verger) (emphasis added) (accessed Jan 13, 2010).

attorney or the victim, or both, or when the court acts on its own motion, and after a hearing has been held:

"Upon the conclusion of the hearing, the court shall order on the record in open court that the department is authorized to consider the inmate for a reduction in the term of incarceration under ORS 421.121 that may not exceed 30 percent of the total term of incarceration in a department institution, unless the court finds, on the record and in open court, substantial reasons to order that the inmate not be considered for the reduction. *If the court orders that the inmate may be considered for the reduction, the court shall enter a supplemental judgment using the form of judgment submitted by the department under subsection (14)(a) of this section.*"

(Emphasis added.) Both subsections require the entry of a supplemental judgment when the trial court rules that an inmate is *eligible* for a sentence reduction because the trial court has effectively amended the original sentence. HB 3508 does not provide for entry of a supplemental judgment when a trial court determines that an inmate is ineligible.

In contrast, the Department of Corrections' decision to provide a form of supplemental judgment that can either grant or deny relief was not contemplated by HB 3508, sections 17 or 18. In fact, subsection 18(14)(a) of HB 3508 limits the department's authority to prepare "a form of supplemental judgment that specifies the sentences and counts for which an inmate is *eligible* for a reduction in the term of incarceration under ORS 421.121 that exceeds 20 percent of the total term of incarceration." (Emphasis added.)

Accordingly, we dismiss the appeal on our own motion, remand the case to the trial court to vacate the supplemental judgment and reenter its decision as a nonappealable order. *See Austin Mutual Ins. Co. v. Madril*, 94 Or App 219, 222, 764 P2d 1378 (1988); *cf. State v. Harding*, 222 Or App 415, 419, 193 P3d 1055 (2008), *adh'd to on recons*, 225 Or App 386, 202 P3d 181, *vac'd on other grounds*, 347 Or 368, 223 P3d 1029 (2009) (trial court had authority to enter an amended judgment pursuant to ORS 138.083 when it granted only a portion of the relief requested, which decision was then appealable).

Summary determination of appealability pursuant to ORS 19.235(3); motion to expedite appeal denied; appeal dismissed.