Argued and submitted June 30, petition for review dismissed as moot July 29, 2010

STATE OF OREGON,
*Respondent on Review,*

*v.*

AISHISH MONIQUE PORTIS,
*Petitioner on Review.*

(CC 0802300706; CA A143558; SC S058179)

236 P3d 718

Jedediah Peterson, Office of Public Defense Services, Salem, argued the cause for petitioner on review. With him on the briefs were Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender.

---

* Appeal from Multnomah County Circuit Court, Eric J. Bloch, Judge. 233 Or App 256, 225 P3d 841 (2010).

Leigh A. Salmon, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

DE MUNIZ, C. J.

**DE MUNIZ, C. J.**

Defendant seeks review of a Court of Appeals decision concluding that that court lacked jurisdiction over defendant's appeal of a circuit court judgment. The circuit court had determined that defendant was not entitled to be considered by the Department of Corrections (DOC) for increased earned time credit under Oregon Laws 2009, chapter 660, sections 17 and 18. *State v. Portis*, 233 Or App 256, 225 P3d 841 (2010). We allowed defendant's petition for review and, for the reasons stated below, now conclude that defendant's claim on review is moot and that we must dismiss her petition for review.

In 2008, a grand jury indicted defendant on 62 counts of identity theft. ORS 165.800. In March 2008, pursuant to a plea agreement, defendant pleaded guilty to five counts of identity theft, and the trial court dismissed the other counts. On three of the five counts to which defendant pleaded guilty, the judgment of conviction sentenced defendant to consecutive terms of 13 months each, for a total of 39 months of incarceration.[1] The sentences on the remaining two counts were made concurrent. The judgment also provided that defendant could be considered for any form of reduction in her sentence for which she was "otherwise eligible at the time of sentencing."

When defendant committed her crimes, ORS 421.121(2) (2007) provided that the maximum amount of reduction in a term of incarceration that could be earned for appropriate institutional behavior (so called "earned time credit") could not exceed 20 percent of the total term of incarceration. In 2009, the legislature amended ORS 421.121 to potentially increase the maximum to 30 percent for inmates not convicted of certain violent felonies. Or Laws 2009, ch 660, §§ 17, 18 (House Bill (HB) 3508).[2] Section 18 of the

---

[1] Although defendant is no longer incarcerated, she remains under post-prison supervision. If we were to agree with defendant's argument that the Court of Appeals otherwise had jurisdiction over her appeal, and were she to prevail on the merits of her appeal and be eligible for increased earned time credit, her term of post-prison supervision would be reduced. Consequently, defendant's case is not moot based on the fact that she is no longer incarcerated.

[2] Or Laws 2009, ch 660, § 17(2)(a), provided (deleted text in brackets and italics; new text in boldface type):

amendment set out the procedure for determining whether an inmate would be considered for the additional 10 percent earned time credit. In accordance with section 18, the DOC was required to provide notice of the inmate's potential eligibility for the additional earned time credit to the inmate and to the victim of the crime, as well as the district attorney, the presiding judge, and the trial court administrator for the county in which the inmate had been convicted. On timely objection by the victim or the district attorney, the court was required to hold a hearing to decide whether to authorize the DOC to consider the inmate for "a reduction in the term of incarceration under ORS 421.121 that exceeds 20 percent of the total term of incarceration[.]"

Defendant's crimes were not among those statutorily excluded from eligibility for the additional earned time credit. However, upon learning that defendant could claim eligibility for increased earned time credit under the 2009 legislation, the Multnomah County District Attorney filed an objection opposing defendant's eligibility for the increased earned time credit. Following a hearing on the record and in open court, the trial court found that, given the nature of defendant's crimes, the large number of victims involved, and the number of counts dismissed as part of her plea agreement, there was a substantial reason to deny defendant eligibility to earn the additional 10 percent earned time credit available under the 2009 legislation. The trial court thereafter entered a supplemental judgment providing that defendant "may not be considered" for the additional earned time credit.

Defendant appealed from the supplemental judgment and moved for an expedited appeal. The Appellate Commissioner for the Court of Appeals *sua sponte* issued an order requiring defendant to show cause why her appeal should not be dismissed for lack of jurisdiction.[3] *See State v.*

---

"The maximum amount of time credits earned for appropriate institutional behavior or for participation in the adult basic skills development program described in ORS 421.084 may not exceed [20] **30** percent of the total term of incarceration in a Department of Corrections institution."

[3] ORS 19.235(3) provides, in part:

"When * * * the appellate court on its own motion raises the issue whether the decision is appealable, the appellate court may make a summary determination of the appealability of the decision."

*Hart*, 188 Or App 650, 653, 72 P3d 671 (2003) (only post-judgment orders that impose a sentence, suspend imposition or execution of a sentence, or affect probation can be appealed under ORS 138.053(1)). Defendant and the state each filed responses to the order to show cause. The Court of Appeals then dismissed the case, concluding that "[t]here is no right of appeal when the trial court *denies* eligibility for additional earned time credit[ ] to an inmate, because the ruling does not alter the original judgment." *Portis*, 233 Or App at 260 (emphasis in original). Reasoning that "HB 3508, section 18, provides for entry of a supplemental judgment *only* when the trial court determines that it is appropriate to *allow* the Department of Corrections to consider the inmate for a sentence reduction," the court held that HB 3508 does not provide for entry of a supplemental judgment when a trial court determines that an inmate is ineligible for the additional earned time credit. *Id.* (emphases in original). The Court of Appeals therefore remanded the case to the trial court with instructions to vacate the supplemental judgment and to reenter its decision as a nonappealable order. *Id.* at 261. As noted, we allowed defendant's petition for review.

On review, defendant challenges that disposition, asserting that an appeal may be taken from a judgment or a post-judgment order if the order or judgment includes the "[i]mposition of a sentence." ORS 138.053(1). She argues that the supplemental judgment rendered by the circuit court in this case "added a term" to her sentence that was not there before. According to defendant, the circuit court's conclusion that the DOC may not consider her for the additional earned time credit, and therefore a sentence reduction, added a new term to her original sentence. We do not reach that question, however, because, as we shall explain, defendant's case has become moot. *See Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004) (when it becomes clear in the course of a judicial proceeding that resolving the merits of a claim will have no practical effect on the rights of the parties, this court will dismiss the claim as moot).

During the 2010 special legislative session, the legislature amended HB 3508 and ORS 421.121 to reduce the potential maximum earned time credit from 30 percent to 20 percent of an inmate's total term of incarceration. Or Laws

2010, ch 2, § 5(5) (Senate Bill (SB) 1007).[4] The legislature provided, however, that inmates who had already been granted eligibility for the additional earned time credit would retain them. More specifically, SB 1007 provides, in part:

"Section 18 [of HB 3508] is amended to read:

"Sec. 18. (1)(a)   Notwithstanding section 49(6), [of HB 3508], and except as provided in paragraph (b) of this subsection, the amendments to ORS 421.121 by section 17 [of HB 3508] apply to inmates who were sentenced before July 1, 2009, and are not prohibited by any other provision of law from obtaining a reduction in the term of incarceration under ORS 421.121 if, before the effective date of this 2010 Act:

"(A)   The court has entered the supplemental judgment described in subsection (5)(b)[5] of this section; or

"(B)   The court has, pursuant to subsection (7)(b) of this section, ordered on the record in open court that the Department of Corrections may consider the inmate for a reduction in the term of incarceration under ORS 421.121 that may not exceed 30 percent of the total term of incarceration in a department institution."

Or Laws 2010, ch 2, § 7. Thus, SB 1007 divides into two groups those inmates initially identified under HB 3508 as potentially eligible for the additional earned time credit. One group—those inmates, who before the effective date of SB 1007, were determined by a court to be eligible for additional

---

[4] Section 5(5) did so by advancing the operative date of Oregon Laws 2009, chapter 660, section 19, from July 1, 2013, to the effective date of SB 1007, or February 17, 2010. Section 19 provides, in part (deleted text in brackets and italics; new text in boldface type):

"The maximum amount of time credits earned for appropriate institutional behavior or for participation in the adult basic skills development program described in ORS 421.084 may not exceed [*30*] **20** percent of the total term of incarceration in a Department of Corrections institution."

[5] Subsection 5(b) provides:

"If a notice of objection is not filed with the court within the time period described in subsection (4) of this section *and the sentencing court determines that it is appropriate to authorize the department to consider an inmate for a reduction in the term of incarceration under ORS 421.121 that may not exceed 30 percent of the total term of incarceration in a department institution, the court shall enter a supplemental judgment using the form of judgment submitted by the department under subsection (14)(a) of this section.*"

earned time credit—retains the benefit of HB 3508. However, a second group—those inmates who had not obtained the necessary court approval before the effective date of SB 1007—lost their eligibility for additional earned time credit under HB 3508. Defendant is in that second group of inmates, *viz.*, the inmates who no longer are eligible for additional earned time credit under HB 3508. Before February 17, 2010, the trial court did not enter a supplemental judgment under subsection (5)(b) determining defendant to be eligible for additional earned time credit (section 18(a)); and the trial court did not order on the record in open court that the DOC may consider defendant for a reduction in her term of incarceration (section 18(b)). Thus, any decision by this court would have no practical effect on her rights under that law. For that reason, the petition for review must be dismissed as moot.

The petition for review is dismissed as moot.