Submitted February 28, appeal dismissed April 4, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD S. SAGER,
*Defendant-Appellant.*

Polk County Circuit Court
01P3312; A143978

274 P3d 890

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

In 2001, defendant was convicted of several counts of assault as well as being a felon in possession of a firearm. We affirmed the trial court's judgment in 2005. *State v. Sager*, 199 Or App 417, 112 P2d 1204, *rev den*, 339 Or 445 (2005). In 2009, defendant moved for a corrected judgment pursuant to ORS 137.754.[1] In a document entitled "Judgment of Conviction and Sentence," the trial court denied the motion for entry of a corrected judgment.[2] Defendant appeals the denial of his motion. The issue presented is whether the trial court's denial of a motion to amend pursuant to ORS 137.754 is appealable.

In *State v. Hart*, 188 Or App 650, 72 P3d 671, *rev den*, 336 Or 126 (2003), we held that the denial of motion to correct a judgment pursuant to ORS 138.083[3] is not appealable under ORS 138.053(1).[4] We stated that, "[u]nder that subsection, only post-judgment orders that impose a sentence, suspend imposition or execution of a sentence, or affect

---

[1] Pursuant to ORS 137.754, "a sentencing court retains authority after entry of a judgment of conviction to comply with the requirements of ORS 137.750 or 137.752 * * *." Here, defendant asked the court to correct the judgment to "indicate that Defendant is eligible for time credits under ORS 137.750 and 421.121[.]"

[2] Although the document was so titled, it did not, in fact, convict defendant or impose a sentence.

[3] ORS 138.083(1)(a) provides:

"The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

[4] ORS 138.053(1) provides:

"A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a) Imposition of a sentence on conviction.

"(b) Suspension of imposition or execution of any part of a sentence.

"(c) Extension of a period of probation.

"(d) Imposition or modification of a condition of probation or of sentence suspension.

"(e) Imposition or execution of a sentence upon revocation of probation or sentence suspension."

probation can be appealed." *Hart*, 188 Or App at 653. However, a trial court's order denying entry of a corrected judgment pursuant to ORS 138.083 does not come within any of the listed categories: "It did not alter defendant's sentence; it instead left it untouched." *Id.*

There is no meaningful distinction between a denial of a motion for corrected judgment pursuant to ORS 138.083 and the denial of a motion for a corrected judgment under ORS 137.754. In either case, the court's denial of the motion does not alter the defendant's sentence. Instead, the original conviction and sentence are "left untouched." *Id.* at 653. Accordingly, in light of our holding in *Hart*, the trial court's denial of defendant's motion pursuant to ORS 137.754 is not appealable.

Appeal dismissed.