# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00272-CR

**James Kevin Blackerby, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-09-904117, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, James Kevin Blackerby, appeals from a judgment revoking community supervision for the offense of intoxication manslaughter. In three issues, appellant complains that the trial court erred in failing to award him certain jail-time credit and in signing a judgment that recited more violations of his conditions of probation than were stated orally at the conclusion of the revocation hearing. We will overrule appellant's first and second issues, sustain his third issue, and modify the judgment accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a fatal motor vehicle accident. Appellant was arrested for felony driving while intoxicated (DWI) on August 2, 2008, the date of the accident. *See* Tex. Penal Code Ann. §§ 49.04, .09(b) (West Supp. 2012). He pleaded guilty to that offense, and the trial court sentenced him to four years in prison, probated to the same term of community supervision. In

May 2009 appellant was arrested on a warrant issued on the State's motion to revoke his supervision. While appellant was incarcerated awaiting the revocation hearing, the State indicted and arrested him for manslaughter, intoxication manslaughter, and criminally negligent homicide arising out of the same incident as the DWI. *See id.* §§ 49.08, 19.04, 19.05 (West 2011). In August 2010, the trial court entered a judgment revoking appellant's community supervision for felony DWI and imposing a three-year sentence. Appellant simultaneously accepted a plea agreement in which he pleaded guilty to the sole charge of intoxication manslaughter.[1] Under this agreement, the trial court would sentence him to ten years' imprisonment, probated to six years of community supervision. Because the community supervision period for intoxication manslaughter was to run consecutive to appellant's three-year prison sentence for felony DWI, sentencing was delayed until appellant was paroled on the DWI charge.

Appellant was granted parole on the DWI sentence in December 2010. At the sentencing hearing on the intoxication manslaughter charge, the trial court assessed punishment in accordance with the plea agreement: ten years' imprisonment, suspended, and placement on community supervision for a term of six years. In February 2011, the State moved to revoke appellant's community supervision on that charge for several failures to comply with supervision conditions. The trial judge conducted a hearing in March 2011, found that the State proved "at least" three of the grounds alleged in the motion to revoke, and entered a judgment revoking appellant's community supervision and assessing a sentence of eight years' imprisonment. The judgment

---

[1] Pursuant to the plea bargain, the State waived the remaining counts charging manslaughter and criminally negligent homicide.

revoking community supervision on the intoxication-manslaughter conviction credited appellant's sentence with the time he had spent in jail for three periods: June 22, 2009 to August 26, 2010 (the date of indictment on the intoxication manslaughter charge to the date of his guilty plea), October 27, 2010 to December 1, 2010 (it is unclear what this time period represents, but no one complains about it on appeal), and February 14, 2011 to March 29, 2011 (the date of his arrest on the motion to revoke on the intoxication manslaughter charge until his sentencing). One month later, after filing a notice of appeal, appellant's appellate counsel filed a motion for judgment nunc pro tunc asking the trial court to award appellant credit for any and all time he spent in jail during two additional periods: August 2, 2008 to June 22, 2009 (the date of appellant's arrest on the DWI charge until the indictment on the intoxication manslaughter charge), as well as August 26, 2010 to October 27, 2010 (the time for which he was technically on personal bond but remained incarcerated until the court issued another capias on the intoxication manslaughter charge). The trial court denied the motion. On the same day, however, the court signed an "Order Allowing Defendant Credit for Back Time on Sentence" (Back Time Order). The Back Time Order purported to alter both the beginning and ending dates for the first period of jail-time credit recited in the revocation judgment: it moved the beginning date forward to May 19, 2009 (benefitting appellant by 24 days) and the ending date forward to July 14, 2009 (prejudicing appellant by 43 days). Appellant subsequently perfected this appeal of the judgment revoking his community supervision.

## DISCUSSION

Appellant asserts three issues on appeal. In his first issue, he argues that the trial court erred in the Back Time Order by removing some of the jail-time credit that had been awarded

in the revocation judgment.  At the hearing on appellant's motion for judgment nunc pro tunc regarding time credits relating to his DWI incarceration, the prosecutor informed the trial court that the State agreed to credit appellant's sentence on intoxication manslaughter from the date of indictment to the date of appellant's guilty plea.  The prosecutor then told the court—incorrectly—that appellant had pleaded guilty on July 14, 2010; in fact, the record reflects that the guilty-plea date was August 26, 2010.  The State does not dispute that appellant pleaded guilty on August 26 instead of July 14.  The judgment revoking community supervision also recites the correct indictment date.

The trial court is required by law to credit the sentence of a criminal defendant for time the defendant spent "in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court."  Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2012); *see also* Tex. R. App. P. 23.2(b); *Sanders v. State*, No. 05-02-01620-CR, 2004 WL 60762, at *6 (Tex. App.—Dallas Jan. 14, 2004, no pet.) (mem. op., not designated for publication) ("The statute is mandatory.") (citing *Guerra v. State*, 518 S.W.2d 815, 817 (Tex. Crim. App. 1975)).  The credit for time served must be contained in the trial court's judgment.  *See* Tex. Code Crim. Proc. Ann. art. 42.01, §§ 1, 18 (West Supp. 2012) ("The judgment shall reflect . . . any credit for time served [.]")

We hold that the Back Time Order was not effective to modify the revocation judgment of December 15, 2010.  The Back Time Order does not expressly purport to amend or supplement the judgment, but only recites that the court grants the defendant's motion for additional time credits "not allowed at the time the Sentence of this court was pronounced."  Moreover, the

4

code of criminal procedure mandates that "[t]he sentence served shall be based on information *contained in the judgment*." Tex. Code Crim. Proc. Ann. art. 42.01, §1 (emphasis added). A trial court may modify jail-time credit awarded in a judgment of conviction by entering a judgment nunc pro tunc if the dates reflected in the judgment are incorrect due to a clerical error. *See In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011). When that occurs, the judgment nunc pro tunc becomes the "true and correct final judgment" and supplants the original judgment from the date the original judgment was entered. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Daniels v. Commission for Lawyer Discipline*, 142 S.W.3d 565, 573 (Tex. App.—Texarkana 2004, no pet.). We can find no Texas authority allowing a trial court to use a post-judgment order to modify or supplement a previously entered judgment without entering an amended judgment that fully replaces the original one. *See, e.g.*, Tex R. App. P. 23.

In contrast, a few other states, including Oregon, permit trial courts to enter a "supplemental judgment" to dispose of matters not addressed in the "general" judgment, such as ordering restitution or correcting jail-time credit. *See, e.g.*, *State v. Portis*, 236 P.3d 718, 720 (Or. 2010) ("The trial court thereafter entered a supplemental judgment providing that defendant 'may not be considered' for the additional earned time credit."); *State v. Bassett*, 259 P.3d 953, 954 (Or. Ct. App. 2011) ("[T]he trial court issued a supplemental judgment ordering defendant to pay restitution."). However, those supplemental judgments are expressly authorized by statute. *See, e.g.*, Or. Rev. Stat. Ann. § 18.01(17) (West 2012) ("'Supplemental Judgment' means a judgment that may be rendered after a general judgment pursuant to a legal authority."). Supplemental judgments are not authorized in Texas. Therefore, we conclude that the Back Time Order was ineffective to modify

the time credits recited in the original revocation judgment. Appellant's time credits remain as so recited. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1. We overrule appellant's first issue.

In his second issue, appellant challenges the trial court's refusal to apply jail-time credit to his intoxication-manslaughter sentence for the time he spent in jail on the DWI charge. We understand appellant to be arguing that the charge of felony DWI and the charge of intoxication manslaughter constitute the same "case" for purposes of the time-credit statute because both charges arose from the same facts.

Initially, we note that appellant sought this additional jail-time credit via a motion for judgment nunc pro tunc. However, the purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012); *see, e.g.*, Tex. R. App. P. 23.1. "The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment." *Blanton*, 369 S.W.3d at 898; *Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990). Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Blanton*, 369 S.W.3d at 898; *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). If the trial judge must "exercise discretion or resolve conflicting legal claims," then he or she has exercised judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). A nunc pro tunc judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order. *Blanton*, 369 S.W.3d at 898; *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986).

6

Here, appellant's request for additional jail-time credit involved "judicial reasoning"—a judicial determination of whether the time appellant was incarcerated on the DWI charge was incarceration for the "same" offense as the intoxication manslaughter charge and, therefore, whether appellant was entitled to that additional jail-time credit. Thus, the trial court could not have granted appellant's motion and issued a judgment nunc pro tunc crediting the jail-time appellant sought.

To the extent appellant's claim has merit, the proper avenue of redress was either by appeal or by an application for a writ of habeas corpus, not a judgment nunc pro tunc. However, while appellant raises this issue in the instant appeal, he failed to timely raise his claim for this jail-time credit in the trial court. *See* Tex. R. App. P. 33.1(a) (to preserve complaint for appellate review, party must have presented specific and timely request, motion, or objection to trial court and, further, must have obtained adverse ruling). Appellant neither requested the time credit nor objected to its absence when the trial court imposed sentence, but only raised it a month after sentencing and after the notice of appeal had been filed. Preservation of error is a systemic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009); *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010) (citing *Ford*, 305 S.W.3d at 532). Accordingly, we hold that appellant failed to properly preserve this complaint for appellate review.

Even if appellant had preserved the complaint, however, his issue would fail. The thrust of appellant's argument is that this situation was not anticipated by the statute, and he urges

us to construe article 42.03 to prevent the State from "manipulating" jail-time credits by subsequently adding additional charges that arise out of the same set of facts. The State responds that the two charges are not the same "case" because DWI is not a lesser-included offense of intoxication manslaughter, and they are therefore different crimes for double-jeopardy purposes. *See Lomax v. State*, 233 S.W.3d 302, 311 (Tex. Crim. App. 2007). The record shows that appellant was initially arrested on the sole charge of felony DWI and was not indicted for or served with a capias on the intoxication manslaughter charge until after he was later incarcerated awaiting a hearing on the State's motion to revoke his community supervision on the DWI conviction.

We agree with the State. The court of criminal appeals has held that article 42.03 of the code of criminal procedure requires that the trial court credit a defendant's sentence only for time spent in jail between arrest and confinement and subsequent sentence *on a particular charge*. *Ex parte Crossley*, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979) ("On the face of it, the applicant was not confined in the same cause for which he was sentenced."). Several courts of appeals have rejected efforts by appellants who sought jail-time credit for the time spent in jail on prior, factually unrelated offenses. *See, e.g.*, *Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd) ("[T]he credit at issue relates not just to any time the defendant spent incarcerated before conviction. Rather it is the time one is incarcerated for the case in which he is ultimately tried and convicted."); *Martinez v. State*, No. 13-04-00085-CR, 2005 WL 1805500, at *3 (Tex. App.—Corpus Christi July 28, 2005, no pet.) (mem. op., not designated for publication) ("A trial court must award credit for time served for the same offense and not time incarcerated pre-trial for independent offenses."). We have found no other court of appeals that has interpreted article 42.03 in a case

where two offenses arising from the same set of facts were charged as separate cases and proceeded separately in the trial court.

Although the procedural history of this case is unusual, the relatedness of the facts underlying both charges is immaterial vis-à-vis appellant's right to jail-time credit. Because the State is not barred by double jeopardy from bringing the two charges independently even though they arose from the same facts, the time appellant spent in jail on the DWI charge was not for the same "case" as the later-filed intoxication manslaughter charge. Moreover, appellant has already received credit for all the time he spent in jail after he was arrested on the intoxication manslaughter charge, and the State also agreed to credit his sentence with additional time back to the date of his indictment. We overrule appellant's second issue.

In his third issue, appellant draws our attention to a clerical error in the judgment of revocation regarding the trial court's findings of appellant's violations of conditions of supervision. The written judgment revoking appellant's supervision on the intoxication manslaughter charge lists all seven violations alleged by the State in its motion to revoke, but the record reflects that the trial court orally found only three violations when revoking appellant's community supervision. Generally, when a trial judge's orally pronounced sentence conflicts with the subsequent written judgment, the oral pronouncement controls. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Here, the record of the hearing clearly reflects that the judge found three of the State's allegations to be true and did not make any findings as to the other allegations. We sustain appellant's third issue and modify the Judgment Revoking Community Supervision to reflect only

9

the three grounds orally pronounced by the trial judge.[2] *See Beltran v. State*, No. 03-10-00716-CR, 2011 WL 2297781, at *1 (Tex. App.—Austin June 9, 2011, no pet.) (mem. op., not designated for publication) ("The judgment erroneously recites that the court found all nine of the alleged violations to be true, when in fact that court made no findings as to four of the allegations.").

## CONCLUSION

Having overruled appellant's first and second issues and sustained his third issue, we modify the trial court's judgment to delete the four grounds for revocation of community supervision that were not orally pronounced. As so modified, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Rose

Modified and, as Modified, Affirmed

Filed: December 5, 2012

Do Not Publish

---

[2] The three violations found by the trial court at the hearing were: (1) failing to report to the Hays County Probation Officer on January 20, 2011, and February 10, 2011, (2) moving without asking permission of his supervision officer, (3) failing to timely install an in-home monitoring device. Although the trial judge stated that "at least" these three violations had occurred, he never found or mentioned the other four alleged violations. Thus, they cannot support the trial court's revocation of appellant's community supervision and should not be reflected in the written judgment.