Submitted November 2, appeal dismissed December 27, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD MARCUS LEISTIKO,
*Defendant-Appellant.*

Washington County Circuit Court
C072939CR; A144591

292 P3d 670

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Chief Deputy Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a supplemental judgment that denies him consideration for additional earned time credits. In a single assignment of error, defendant argues that, in light of *State v. Portis*, 233 Or App 256, 225 P3d 841 (*Portis I*), *rev dismissed as moot*, 348 Or 559, 236 P3d 718 (*Portis II*) (2010), the trial court had no authority to enter that supplemental judgment. In *Portis I*, we held that House Bill (HB) 3508 (2009) authorizes entry of a supplemental judgment when a trial court determines that an inmate is for additional credits, but does not authorize entry of a supplemental judgment upon a determination that the inmate is *ineligible*. We therefore dismissed the appeal with instructions for the trial court to enter its decision as a nonappealable order rather than as a supplemental judgment. 233 Or App at 261.

The state agrees that, in light of *Portis I*, "the trial court lacked the authority to enter the supplemental judgment," but points out that we need not direct the court to enter its decision as a nonappealable order because, as the Supreme Court held in *Portis II*, defendant's for consideration for earned time credits is now moot. 348 Or at 564-65 (describing effect of subsequent legislative changes to earned time credits). The state argues that "the appropriate remedy—and the only remedy suggested by defendant—is thus exceedingly narrow: dismiss the appeal and remand the case to the trial court with instructions to vacate the supplemental judgment concerning HB 3508 earned-time credits." We agree with the state's proposed resolution and dismiss the appeal so that the court can vacate the supplemental judgment denying defendant consideration for earned time credits.[1]

Appeal dismissed.

---

[1] The state correctly notes that the supplemental judgment is erroneously dated January 7, 2009; defendant's hearing concerning earned time credit was held on January 7, 2010.