Argued and submitted March 31, affirmed October 14, 1992

ANTHONY J. CLUBB,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A68144)

838 P2d 1112

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Petitioner was convicted of first degree robbery in 1982 and received a 7-year sentence. In 1986, he pled guilty to second degree burglary committed while on parole. The court imposed a 5-year sentence for the burglary, with "[petitioner] to serve a minimum of one (1) year of said sentence, to be served consecutively with any sentence imposed in defendant's parole revocation."[1] Petitioner was subsequently paroled and rearrested for parole violations. After a hearing to set his parole release date on the burglary sentence, the Board Action Form (BAF) stated that his sentence expiration date was May 23, 1994.

■ Petitioner's sole assignment of error is that the Board "erred in finding petitioner's sentence expiration date as 5/23/1994." He asks us to remand to the Board with instructions to correct the sentence expiration date. We cannot do that. The Department of Corrections, not the Board, is responsible for establishing the sentence expiration date. ORS 137.320. The Board is not even required to include the sentence expiration date on the BAF. *See* OAR 255-30-055(2). Consequently, even if the state sentence expiration date is incorrect, and we do not say that it is, the Board could not remedy the alleged error. A challenge to the sentence expiration date must be made to the Department of Corrections. Moreover, because there is no evidence in the record suggesting that the Department of Corrections calculated a different sentence expiration date than the one reflected on the BAF, we cannot say that Board erred in "finding" that that is petitioner's sentence expiration date, if that is a finding at all.

Affirmed.

---

[1] There is no indication in the record that petitioner challenged this sentence.