Argued and submitted August 20, affirmed December 22, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD JAMES CANTRELL,
*Appellant.*

## (92C-05-32717; CA A77125)

865 P2d 1323

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Amanda Buttress, Certified Law Student.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

█ Defendant appeals the sentencing court's ranking of his conviction for sexual abuse in the second degree, ORS 163.425, at level 8 of the crime seriousness scale. He concedes that the standard of review for whether a court has incorrectly ranked an unranked offense is for an abuse of discretion. *See State v. Rathbone II*, 110 Or App 419, 823 P2d 432 (1991), *rev den* 313 Or 300 (1992). He argues, however, that 1993 legislation should be "persuasive authority" for his argument that the court erred.

Under Oregon Laws 1993, chapter 692, section 6, the Sentencing Guidelines Board is mandated to

"[w]ithin four months after adjournment sine die of the Legislative Assembly * * * review all new legislation that creates new crimes or modifies existing crimes. The board shall adopt by rule any necessary modifications to the crime seriousness scale of the guidelines to reflect the actions of the Legislative Assembly and shall classify offenses as person felonies or person misdemeanors for purposes of the rules."

That legislation took effect on August 23, 1993. On September 10, the Board adopted the ranking for sexual abuse in the second degree at crime seriousness level 7.[1]

█ Under OAR 253-04-004, the sentencing court has the authority to determine the appropriate crime category for an unranked offense. The authority delegated by the 1993 legislature to the Board, under which it determined a ranking for sexual abuse in the second degree, does not alter the fact that, when defendant was sentenced, sexual abuse in the second degree was unranked. We are not persuaded that the 1993 legislation and subsequent Board action demonstrate that the court abused its discretion in sentencing defendant under the law as it existed at the time defendant was sentenced.

Affirmed.

---

[1] Sexual abuse in the first degree previously had been ranked at crime seriousness level 8.