Argued and submitted February 28, convictions affirmed; remanded for
resentencing November 8, 1995, petition for review denied January 23, 1996
(322 Or 490)

STATE OF OREGON,
*Respondent,*

*v.*

JASON RAY DIZICK,
*Appellant.*

(93CR0153; CA A79738)

905 P2d 250

Ingrid A. MacFarlane, Deputy Public Defender, argued
the cause for appellant. With her on the brief was Sally L.
Avera, Public Defender.

Stephanie S. Andrus, Assistant Attorney General, argued
the cause for respondent. With her on the brief were
Theodore R. Kulongoski, Attorney General, and Virginia L.
Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals his conviction for two counts of attempted aggravated murder and related crimes, assigning error to his sentence. We affirm the convictions and remand for resentencing.

On January 11, 1993, while attempting to steal property from a gun store, defendant beat two employees and cut their throats. Defendant was charged with 29 crimes arising out of that incident. Pursuant to a plea bargain, defendant pleaded guilty to two counts of attempted aggravated murder, ORS 161.405 and ORS 163.095, two counts of first degree robbery with a firearm, ORS 164.415, and two counts of first-degree assault, ORS 163.185. In exchange for the guilty pleas, the remaining charges were dropped.

At sentencing, the trial court found that defendant was a dangerous offender, sentenced him to consecutive 30-year prison terms on the two counts of attempted aggravated murder and ordered that "[p]arole shall extend for the entire term of the defendant's sentence."[1] The court apparently relied on *former* ORS 144.305 (*since repealed by* Or Laws 1993, ch 680, § 7) as authority for its sentence. That statute provided that

"[a]ny parole in this state shall extend for the entire term of the offender's sentence[.]"

On May 17, 1993, defendant appealed, arguing that the trial court erred in ordering him to serve parole for the entire term of his sentences on the two counts of attempted aggravated murder. He contends that *former* ORS 144.305, by its terms, applies only to crimes committed prior to November 1, 1989, and, in this case, the crimes were committed in 1993.

The state argues that defendant's appeal is not reviewable because his convictions resulted from a plea bargain. Assuming that the appeal is reviewable, the state concedes that *former* ORS 144.305 does not apply, because of the date of the offense. Nevertheless, the state argues that the court had authority to impose a term of parole under ORS 144.232 (1991) (*since amended by* Or Laws 1993, ch 334, § 4;

---

[1] The sentence on the other charges is not at issue in this appeal.

Or Laws 1995, ch 423, § 18). Defendant replies that ORS 144.232 (1991) does not apply in this case either.

■    We first address the state's argument that defendant's appeal is not reviewable. According to the state, ORS 138.222(2)(d) (1989) (*since amended by* Or Laws 1993, ch 692, § 2; Or Laws 1993, ch 698, § 1) precludes review of "[a]ny sentence resulting from an agreement between the state and the defendant which the sentencing court reviews on the record," and, because defendant in this case agreed to plead guilty to attempted aggravated murder, he cannot now appeal the sentence for those crimes. That is incorrect.

ORS 138.222(2)(d) was amended in 1993, and now prohibits appellate review of "[a]ny sentence resulting from *a stipulated sentencing agreement* between the state and the defendant * * *." ORS 138.222(2)(d) (1993). (Emphasis supplied.) That amendment was made effective on November 4, 1993, and applies to all appeals that were pending before an appellate court on that date and relate to felonies committed on or after November 1, 1989. *State v. Kephart*, 320 Or 433, 440, 887 P2d 774 (1995). In this case, defendant's crimes were committed after November 1, 1989, and his appeal was pending before this court on November 4, 1993. Therefore, the amended version of the statute applies. The question, then, is whether defendant's sentence resulted from "a stipulated sentencing agreement" within the meaning of ORS 138.222(2)(d) (1993). We conclude that it did not. Defendant agreed to plead guilty to certain charges in exchange for the elimination of other charges. The record reflects no stipulations as to sentencing. Therefore, ORS 138.222(2)(d) (1993) does not preclude review of defendant's appeal. *See Kephart*, 320 Or at 447. We turn to the merits of his assignment of error.

■    Defendant argues that the trial court erred in relying on *former* ORS 144.305 as authority for the imposition of parole in this case. The state concedes that that statute applies only to offenders convicted of a crime committed prior to November 1, 1989, and, therefore, does not apply to this case. We accept that concession. The state, however, argues that the trial court's sentence still must be affirmed under ORS 144.232 (1991), which provided, in part:

"(1) A person sentenced under ORS 161.725 and 161.735 as a dangerous offender for felonies committed on or after November 1, 1989, shall be considered for release to post-prison supervision. The offender is eligible for release to post-prison supervision after having served the presumptive sentence established under ORS 161.737.

"* * * * *

"(4) An offender released under this section shall serve the remainder of the sentence term imposed under ORS 161.725 and 161.735 on post-prison supervision * * *."

The state argues that, because defendant was sentenced under the referenced statutes as a dangerous offender for felonies committed after November 1, 1989, the trial court was authorized to order post-prison supervision for the remainder of the sentence. The state acknowledges that the statute applies only to post-prison supervision, and not to parole; it argues that the case should be remanded for the limited purpose of allowing the trial court to make an appropriate correction to the wording of the sentence.

Defendant argues that ORS 144.232 (1991) does not apply in this case, because it provides for release to post-prison supervision only after a defendant has served a "presumptive sentence." According to defendant, because, at least at the time of sentencing, attempted aggravated murder was an unclassified crime not appearing on the sentencing guidelines grid, there is no presumptive sentence, and the statute does not apply. Defendant is incorrect.

Although attempted aggravated murder was, at the relevant time,[2] an unclassified crime, the trial court had authority to establish a presumptive sentence. OAR 253-04-004 provides, in part:

"Except for * * * Aggravated Murder, when a person is convicted of any other felony or crime punishable by state imprisonment which is omitted from the Crime Seriousness Scale, the sentencing judge shall determine the appropriate crime category for the current crime of conviction and shall state on the record the reasons for the offense classification."

---

[2] Provided that the offense was committed on or after November 1, 1993, a conviction for attempted aggravated murder "shall be ranked on the Crime Seriousness Scale at crime category 10." OAR 253-04-005(3).

*See State v. Cantrell*, 125 Or App 458, 460, 865 P2d 1323 (1993). ORS 144.232 (1991), therefore, does apply, and the trial court was authorized to impose a term of post-prison supervision. The trial court, however, did not do that; nor did it determine the crime seriousness classification for defendant's crimes, calculate the presumptive sentence or make the appropriate record as required by OAR 253-04-004.

Convictions affirmed; remanded for resentencing.