Argued and submitted March 20, reversed and remanded December 26, 2013

JASON RAY DIZICK,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A147525

317 P3d 911

David O. Ferry, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (board) denying his request for a parole consideration hearing. As explained below, we conclude that the board erred in determining that petitioner will not be eligible for parole consideration until 2038. We therefore reverse and remand the board's order for further proceedings.

Petitioner was convicted on two counts each of attempted aggravated murder, first-degree assault, and first-degree robbery. Those crimes occurred on January 11, 1993. In an earlier iteration of this case, petitioner appealed, arguing that, in setting a parole provision of his dangerous offender sentences on the two attempted aggravated murder convictions, the trial court had incorrectly applied a statute not in effect when he committed his crimes. *State v. Dizick*, 137 Or App 486, 905 P2d 250 (1995), *rev den*, 322 Or 490 (1996). The state conceded the error, but argued that, under ORS 144.232 (1991),[1] which was in effect when petitioner's crimes were committed, the effect was, in essence, the same as what the trial court had provided, and that there was no need for resentencing. *Id.* at 489-90. Although we agreed with the state as to the applicability of ORS 144.232 (1991), we disagreed that there was no need for resentencing. *Id.* at 490-91. As petitioner had pointed out, when he was sentenced, the trial court had not determined a presumptive sentence established under ORS 161.737 for the offenses for which a dangerous offender sentence was being imposed.[2] *Id.* at 490. We concluded:

---

[1] ORS 144.232 (1991), *amended by* Or Laws 1993, ch 334, § 4, provided, in part:

"(1) A person sentenced under ORS 161.725 and 161.735 as a dangerous offender for felonies committed on or after November 1, 1989, shall be considered for release to post-prison supervision. The offender is eligible for release to post-prison supervision after having served the presumptive sentence established under ORS 161.737.

"* * * * *

"(4) An offender released under this section shall serve the remainder of the sentence term imposed under ORS 161.725 and 161.735 on post-prison supervision."

[2] ORS 161.737 (1991), *amended by* Or Laws 1993, ch 334, § 6, provided:

"(1) A sentence imposed under ORS 161.725 and 161.735 for felonies committed on or after November 1, 1989, shall constitute a departure from the sentencing guidelines * * *.

"ORS 144.232 (1991), therefore, does apply, and the trial court was authorized to impose a term of post-prison supervision. The trial court, however, did not do that; nor did it determine the crime seriousness classification for defendant's crimes, calculate the presumptive sentence or make the appropriate record as required by OAR 253-04-004 [concerning crime classification of attempted aggravated murder]."

*Id.* at 491. We therefore affirmed petitioner's convictions but remanded for resentencing. *Id.*

On resentencing, the trial court imposed a dangerous offender sentence of 354 months' imprisonment on one of the attempted aggravated murder counts, and a consecutive sentence of 242 months' imprisonment on the second attempted aggravated murder count; it further provided, "Post-prison supervision for both dangerous offender charges, counts 5 and 6, shall be the remainder of time unserved defendant was sentenced to on these charges." In sum, the court appears to have imposed an indeterminate 30-year dangerous offender sentence on one count of attempted aggravated murder, and an indeterminate 20-year dangerous offender sentence on the other count of attempted aggravated murder, but—again—it did not calculate the presumptive sentences for those offenses as required by ORS 161.737(2) (1991) (and, for that matter, our opinion remanding the case to the court in order for it to do so).

In December 2008, petitioner contacted the board, seeking a parole consideration hearing. The board initially stated, in response to petitioner's request, that "there is no reasonable cause to believe that offender is no longer dangerous or that necessary supervision and treatment are available," that petitioner's request for a parole consideration hearing was denied, and that his "parole consideration date will remain February 11, 2038."[3] Petitioner sought

"(2) When the sentence is imposed, the sentencing judge shall indicate on the record the reasons for the departure *and the presumptive sentence that would have been imposed* if the court had not imposed the sentence under ORS 161.725 and 161.735 as a departure[.]"

(Emphasis added.)

[3] We note that the parties have, throughout this proceeding, referred to petitioner's "parole consideration," rather than his "post-prison supervision" consideration. As a general matter, "post-prison supervision" refers to a set term

administrative review, and the board elaborated on its position in its administrative review response:

> "In your administrative review request, you *** allege that the Board erred in failing to hold a hearing to establish your parole consideration date, which you conclude would have been after no more than 170 months in prison. You reason that your 'presumptive sentences' are 58-60 months and 91-110 months. ***
>
> "*****
>
> "[T]he Board will briefly address the issue of its jurisdiction for your information. ORS 144.232(1) (1991) applies to your case and provides in relevant part that the offender is eligible for release after having served the 'presumptive sentence established under ORS 161.737.' According to the record before the Board, specifically the information on your face sheet as calculated by the Department of Corrections Offender Information and Sentence Computation office (OISC), *your presumptive term is the same as the full sentence on both counts of attempted aggravated murder.* If you believe this to be incorrect, as you indicate in your review request, you must take up the issue with OISC or with the sentencing court and appellate courts. Barring a change in the judgment and/or the calculations provided by OISC, *your parole consideration date is February 11, 2038, and the Board will hold a parole consideration hearing in November 2037 with reports pursuant to statute. The Board can grant neither review nor relief on this issue.*"

(Emphasis added.)

Petitioner seeks review of the board's order, raising numerous legal arguments, most of which we reject without discussion. We address, however, petitioner's argument that the board erred in concluding that it lacked authority

---

established by a sentencing court when imposing a guidelines sentence, whereas "parole" is a term generally used with the indeterminate sentencing scheme in effect before 1989. The dangerous offender statutory scheme is somewhat anomalous, in that it uses both the terms "parole" and "post-prison supervision" at various points. *See, e.g.,* ORS 144.228 (referring to dangerous offender "parole consideration"); ORS 144.232 (referring to dangerous offender "post-prison supervision"). For the sake of simplicity, we refer to it as "parole" for purposes of this case, because it is functionally more similar to parole than to post-prison supervision, in that it is imposed in conjunction with an indeterminate sentence, and the board has considerable discretion to determine when the dangerous offender will be paroled.

to consider him for parole until 2038 because, in the board's view, the entire combined dangerous offender sentences imposed by the trial court on resentencing were, in fact, "presumptive" terms.

In response, the board first argues that petitioner's argument is not cognizable on judicial review, either because he did not exhaust his administrative remedies, or because his argument is insufficiently related to his assignment of error—that the board erred in denying petitioner's request for a parole consideration hearing. We reject both of those arguments. With respect to exhaustion of administrative remedies, we note that the board's initial order did not provide any reasoning, but simply announced several conclusions—that it had "no reasonable cause to believe that offender is no longer dangerous," that no hearing would be held, and that he would be eligible for parole consideration in 2038. In his administrative review request, petitioner challenged the board's conclusion that he would not be eligible for parole consideration until 2038, raising, as pertinent here, the provision in ORS 161.737(2) (1991) and ORS 144.232 (1991) concerning presumptive sentences and parole consideration. In its administrative review response, the board squarely addressed that argument. In these circumstances, petitioner has exhausted his administrative remedies with respect to the argument.[4]

We conclude, as well, that petitioner's argument is sufficiently related to his assignment of error. The board is correct that, as noted above, its initial order stated that it had no reasonable cause to believe that petitioner was no longer dangerous, and petitioner does not challenge *that* conclusion on judicial review. However, the board's order did more than simply announce that conclusion; it also stated (as did the administrative review response) that petitioner would not be eligible for parole consideration until 2038. In sum, we conclude that the issue petitioner raises—whether the board correctly determined that he will not be eligible for parole consideration until 2038—is properly before us.

---

[4] The board does not argue that petitioner should have filed a direct appeal of his sentence on remand and, for that reason, his petition for judicial review of the board's order is not cognizable.

Petitioner reasons as follows: Under ORS 161.737(2) (1991), when a dangerous offender departure sentence is imposed, the sentencing court is to determine what the presumptive guidelines sentence for the crime would be. Under ORS 144.232(1) (1991), a person sentenced as a dangerous offender "is eligible for release to post-prison supervision after having served the presumptive sentence established under ORS 161.737." Thus, petitioner reasons, the board was required to conduct a parole consideration hearing after he had served the presumptive portion of his dangerous offender sentence. Petitioner reasons that he presented undisputed evidence to the board in the course of this proceeding as to what his criminal history score was, and from that evidence, the board should have determined that the presumptive portion of his dangerous offender sentence would have been 170 months. Because 170 months have passed, he reasons, the board is required, pursuant to ORS 144.228 (1991), to hold a parole consideration hearing.[5]

The board, in response, does not dispute petitioner's analysis of how the 1991 dangerous offender statutes work. That is, the board does not dispute that a dangerous offender sentence is to contain a determinate "presumptive" component that the offender must serve before being eligible for parole, followed by an indeterminate component during which the offender is eligible for parole. *See generally* ORS 161.737(2) (1991); ORS 144.232(1), (4) (1991); *State v. Davis*, 315 Or 484, 489, 847 P2d 834 (1993) ("[The] presumptive sentence serves as the determinate part of the dangerous offender sentence—*i.e.*, the part that *must* be served." (Emphasis in original.)). Rather, the board asserts that it is not within its purview to calculate the "presumptive" portion of petitioner's dangerous offender sentence where the sentencing court has failed to do so. As explained below, we agree with the board's basic premise that it lacks authority to determine petitioner's "presumptive" term, but disagree with its ultimate conclusion—which is that his entire dangerous offender sentence is, by default, his "presumptive" term. That conclusion is incorrect as a matter of law, and, in

---

[5] He also argues that the board, having failed to conduct a parole consideration hearing already, must simply release him. We reject that argument without discussion.

fact, has resulted in the board, with no statutory authority, imposing on petitioner what amounts to a sentence that is harsher than any sentence that the sentencing court could lawfully have imposed. In this unusual circumstance, as explained below, we conclude that we must remand to the board for further consideration of the matter.

First, as to the board's initial premise, it clearly is correct that it lacks authority to correct errors that occurred in sentencing. *See, e.g., Rise v. Board of Parole*, 304 Or 385, 392-93, 745 P2d 1210 (1987) (board lacked general or equitable jurisdiction to enforce terms of a plea agreement not embodied in judgment); *Gaynor v. Board of Parole*, 165 Or App 609, 615, 996 P2d 1020 (2000), *overruled on other grounds by State v. Hart*, 188 Or App 690, 72 P3d 671 (2003) (board lacked authority to "correct" erroneous post-prison supervision term embodied in judgment). Thus, we reject petitioner's argument that the board was required to endeavor to make its own determination of what the sentencing court should have determined the "presumptive" portion of petitioner's sentence to be. That is, petitioner is serving dangerous offender sentences based on judgments that contain a legal error (in fact, the legal error that this court pointed out more than 20 years ago in the first *Dizick* opinion), but the board lacks direct authority to correct the error, either *sua sponte* or at petitioner's request.[6]

Yet there remains a significant problem with the board's ultimate conclusion in this case. In its administrative review response, the board, apparently relying on a face sheet provided by the Department of Corrections (DOC), stated that petitioner's "presumptive term is the same as the full sentence on both counts of attempted aggravated murder." That is—the board, in contradiction to the plain language of ORS 161.737(1) (1991) and ORS 144.232 (1991), which indicate that a dangerous offender sentence contains both a presumptive determinate term *and* a further indeterminate term during which the offender is eligible for parole—reasoned, in the absence of any language in the

---

[6] We do not mean to suggest that the board has no recourse here. It could, for example, work with the Department of Corrections and the District Attorney of the county in which petitioner was convicted to obtain corrections to the judgments pursuant to ORS 138.083.

sentencing judgment to support that reasoning, that each entire dangerous offender sentence constitutes a presumptive determinate term and no indeterminate term. In short, the board did exactly what it acknowledges it lacks the power to do: It set a presumptive term for petitioner's dangerous offender sentence despite the fact that the sentencing court had failed to do so.[7]

The board makes an additional argument in support of its decision, as well. It argues in effect that, if this is a problem, it is not *the board's* problem, and that petitioner should take up the issue with the DOC, as the board took the February 11, 2038, date from a face sheet provided by the DOC. In support of that argument, the board cites *State v. Clubb*, 115 Or App 535, 838 P2d 1112 (1992), for the proposition that it is not responsible for establishing sentence expiration dates. *Clubb* does not assist the board here. In *Clubb*, the petitioner argued that the sentence expiration date listed on a board order was incorrect. We noted that the "Department of Corrections, not the Board, is responsible for establishing the sentence expiration date. ORS 137.320." *Id.* at 537. ORS 137.320 provides that the DOC is to "compute the defendant's sentence in accordance with the provisions of ORS 137.370." ORS 137.370, in turn, describes how the DOC is to determine how expiration dates for various new sentences, consecutive sentences, and concurrent sentences are calculated. It makes no reference to when a person serving such sentences might become eligible for parole consideration. Petitioner in the present case is not challenging his sentence expiration date.[8] Rather, he is taking issue with

---

[7] We note, as an aside, why this is particularly problematic here. The 1991 dangerous offender statutes based the determinate portion of a dangerous offender sentence on presumptive sentence guidelines for the crime, which, regardless of petitioner's criminal history, would be less than the time that the board in this case designated as petitioner's "presumptive" term. Moreover, in *Davis*, 315 Or at 494-96, the court interpreted those statutes and the sentencing guidelines to provide a significant limitation on the length of consecutive sentences in dangerous offender cases. Subsequently, the legislature amended the dangerous offender statutes to allow trial courts to impose lengthier determinate portions of a dangerous offender sentence, and to overturn the holding in *Davis. See State v. Coburn*, 146 Or App 653, 655 n 1, 934 P2d 579 (1997) (describing changes); Or Laws 1993, ch 334, § 6. Those subsequent amendments, however, do not apply in petitioner's case.

[8] We acknowledge that we have, in fact, considered the board's reliance on information provided in the DOC "face sheets" with respect to whether substantial

the board's determination that he will not be considered for parole before the sentence expiration date.

To summarize, petitioner is correct that the board erred, as a matter of law, when it set his parole consideration date as February 11, 2038, based on its conclusion that "your presumptive term is the same as the full sentence on both counts of attempted aggravated murder." That conclusion is inconsistent with the judgments of conviction in the record and with the 1991 versions of the pertinent statutes described above. Petitioner is not correct, however, in his assertion that the board should, instead, make its own determination of what the "presumptive" term is. In this somewhat unusual circumstance, we conclude that our best course of action is simply to remand this matter to the board for further consideration, for it to determine its proper course of action in resolving this problem.

Reversed and remanded.

---

evidence supports a board decision. *See, e.g., Strawn v. Board of Parole*, 217 Or App 542, 176 P3d 426, *rev den*, 344 Or 539 (2008). That such information may be properly before the board does not mean, however, that the board may abdicate its obligation to correctly apply the law on matters within its own purview. An error on a DOC face sheet provides no authority for the board to improperly impose a "presumptive" term that neither the board *nor* the DOC has the authority to impose.